**Robert KOONCE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 88–CA–000650–MR.**

Court of Appeals of Kentucky.

March 10, 1989.

Discretionary Review Denied by Supreme Court May 31, 1989.

Bette J. Niemi, Asst. Public Advocate, LaGrange, for appellant.

Frederic J. Cowan, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWERTON, C.J., and DYCHE and GUDGEL, JJ.

DYCHE, Judge.

Robert Koonce entered a conditional plea of guilty pursuant to RCr 8.09 to Promoting Contraband in the First Degree, KRS 520.050. In exchange for his plea, the concomitant charge for Persistent Felony Offender in the First degree, KRS 532.080(3), was dismissed, and Koonce was sentenced to one year in the penitentiary.

Koonce, an inmate at the Kentucky State Reformatory at LaGrange, had been observed concealing something under the mattress in his cell. Upon inspection a guard found the tip of a rubber glove

which contained a small quantity of marijuana; an additional marijuana cigarette was discovered in Koonce's shirt pocket. As a result of this infraction, Koonce was indicted for the above named offenses.

Prior to the entry of his plea, Koonce filed a motion to dismiss the indictment as well as a motion for a ruling on tendered jury instructions. It is the adverse determination of those pretrial motions that serves as the subject of our review.

■ Appellant first argues that the trial court erred in denying his motion to dismiss the indictment. Specifically he asserts that the amount of marijuana possessed did not constitute dangerous contraband pursuant to KRS 520.010(3).

In order to have been found guilty under the facts of this case, it was incumbent on the Commonwealth to prove that Koonce was a person confined in a detention facility and that he knowingly possessed dangerous contraband. KRS 520.050(1)(b). "Dangerous contraband" is defined in KRS 520.010(3) as that

which is capable of such use as may endanger the safety or security of a detention facility or persons therein, *including but not limited to* dangerous instruments as defined in KRS 500.080, any controlled substances and *marijuana,* and saws, files, and similar metal cutting instruments.

(Emphasis added).

Koonce insists that the Commonwealth must prove not only that he possessed marijuana but also that the quantity possessed by him was capable of such use as may endanger the safety or security of a detention facility or the persons therein. In so arguing he relies on the case of *Cooper v. Commonwealth,* Ky.App., 648 S.W.2d 530 (1982), wherein this court reversed a conviction under KRS 520.050 because the quantity of marijuana (enough to make two to four cigarettes) was insufficient to constitute dangerous contraband pursuant to its statutory definition.

The trial court noted that the *Cooper* decision was rendered on June 4, 1982,

prior to the effective date (July 15, 1982) of the General Assembly's amendment of KRS 520.010(3).[1] In that amendment our legislature specifically included marijuana as one of several items to be considered dangerous contraband *per se.* The trial court thus correctly determined, and we so hold, that the statutory amendment implicitly overruled our decision in *Cooper.*

■ Koonce secondly contends that the trial court erred in denying, as a matter of law, his tendered jury instructions on the lesser included offense of Promoting Contraband in the Second Degree, KRS 520.-060. Appellant maintains that the question of whether or not the amount of marijuana possessed constitutes dangerous contraband or simply contraband is to be submitted to the jury.

Again we cannot agree with appellant. In overruling Koonce's tendered instructions on the misdemeanor offense, the trial court found "that, pursuant to the 1982 amendments to KRS 520.010(3), the possession of any quantity of marijuana, *if useable,* in detention facilities is prohibited and, further, punishable only as a felony offense in violation of KRS 502.050." (Our emphasis). Had the Commonwealth been unable to introduce sufficient evidence that the amount of marijuana possessed was useable, the trial court would undoubtedly have instructed the jury on the lesser included offense. However, there was no question that the amount possessed by Koonce was useable, especially as it was already packaged for consumption.

Appellant has moved to cite as additional authority in support of both arguments the case of *Commonwealth v. Simmons,* Ky. App., 753 S.W.2d 872 (1988), which held that an inmate on temporary work detail could not be charged with promoting contraband until the proscribed items were brought within the confines of the detention facility. The opinion contains some unfortunate dicta apparently supporting the analysis in *Cooper, supra.* By this opinion we specifically repudiate such dicta.

1. The definition was again amended effective July 15, 1986.

The judgment of the Oldham Circuit Court is affirmed.

All concur.