J-A08021-16

2016 PA Super 197

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| KEVIN MICHAEL CARONTENUTO, | |
| Appellee | No. 1693 EDA 2015 |

Appeal from the Order Entered May 7, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0001117-2015

BEFORE:  BOWES, OLSON AND STRASSBURGER,* JJ.

OPINION BY OLSON, J.:                                    **FILED AUGUST 31, 2016**

The Commonwealth of Pennsylvania appeals from the order entered on May 7, 2015, which granted Kevin Michael Carontenuto's pre-trial motion to dismiss all criminal charges.  We affirm.

On December 23, 2014, the Commonwealth charged Mr. Carontenuto with one count of possession of a controlled substance and one count of use or possession of drug paraphernalia.[1]  On April 28, 2015, the parties appeared for a pre-trial motion hearing and, during the hearing, Mr. Carontenuto orally moved to dismiss all criminal charges filed against him. N.T. Pre-Trial Hearing, 4/28/15, at 2.  As Mr. Carontenuto argued, Pennsylvania's "Drug Overdose Response Immunity" statute, found at 35

_____

[1] 35 P.S. § 780-113(a)(16) and (32), respectively.

*Retired Senior Judge assigned to the Superior Court.

P.S. § 780-113.7, applied to his case and rendered him statutorily immune from prosecution. ***See id.***; ***see also*** 35 P.S. § 780-113.7(c). In relevant part, the immunity statute provides:

§ 780-113.7. Drug overdose response immunity

(a) A person may not be charged and shall be immune from prosecution for any offense listed in subsection (b) and for a violation of probation or parole if the person can establish the following:

(1) law enforcement officers only became aware of the person's commission of an offense listed in subsection (b) because the person transported a person experiencing a drug overdose event to a law enforcement agency, a campus security office or a health care facility; or

(2) all of the following apply:

(i) the person reported, in good faith, a drug overdose event to a law enforcement officer, the 911 system, a campus security officer or emergency services personnel and the report was made on the reasonable belief that another person was in need of immediate medical attention and was necessary to prevent death or serious bodily injury due to a drug overdose;

(ii) the person provided his own name and location and cooperated with the law enforcement officer, 911 system, campus security officer or emergency services personnel; and

(iii) the person remained with the person needing immediate medical attention until a law enforcement officer, a campus security officer or emergency services personnel arrived.

(b) The prohibition on charging or prosecuting a person as described in subsection (a) bars charging or prosecuting a

person for probation and parole violations and for violations of [35 P.S. § 780-113(a)](5), (16), (19), (31), (32), (33) and (37).

(c) **Persons experiencing drug overdose events may not be charged and shall be immune from prosecution as provided in subsection (b) if a person who transported or reported and remained with them may not be charged and is entitled to immunity under this section.**

35 P.S. § 780-113.7 (internal footnote omitted) (emphasis added).[2]

During the pre-trial hearing, the parties stipulated to the following facts for purposes of the motion:

on December 23[, 2014,] at approximately [12:20 a.m.], Mark Rizzo, manager of a recovery house at 29 Sweetgum Road in Middletown Township, called 911 for medical assistance.

Mr. Rizzo reported finding [Mr. Carontenuto] unconscious and experiencing an overdose event. Officer Zachary Brosius of the Middletown Township Police Department responded to the recovery house and observed [Mr. Carontenuto] blue in the face, unresponsive and with an irregular pulse and breathing pattern.

Officer Brosius spoke to Mr. Rizzo, who had remained on scene and was cooperative to law enforcement and was also truthful.

Officer Brosius, then, moved [Mr. Carontenuto] from the bathroom and observed an empty syringe bottle cap and glassine envelopes that tested positive for heroin later.

Officer Brosius observed no evidence that the drug paraphernalia belonged to anyone but [Mr. Carontenuto].

---

[2] 35 P.S. § 780-113.7 took effect on November 29, 2014. All relevant events in this case occurred on December 23, 2014.

N.T. Pre-Trial Hearing, 4/28/15, at 5-7.

The Commonwealth opposed Mr. Carontenuto's motion and argued that Mr. Carontenuto was not entitled to immunity under the statute. Specifically, the Commonwealth argued, since Mr. Carontenuto was the individual who "experience[ed the] drug overdose event[]," any immunity he might have under the statute would need to fall under subsection (c). However, the Commonwealth noted, immunity under subsection (c) is derivative of the immunity granted under subsection (a). As the Commonwealth argued: "[since] there was no evidence that Mr. Rizzo, the manager of the recovery house, had committed any of the enumerated offense[s] set forth in the immunity statue . . . [Mr. Rizzo] did not require immunity under subsection (a) of the immunity statute. Consequently, [Mr. Carontenuto] is not entitled to the derivative immunity under subsection (c)." Commonwealth's Brief in Opposition, 5/4/15, at 10 (some internal capitalization omitted).

On May 7, 2015, the trial court granted Mr. Carontenuto's motion and dismissed all charges against Mr. Carontenuto. As the trial court ably and succinctly explained:

> Here the statutory factors of [35 P.S. § 780-113.7(a)(2)] are met because Mr. Rizzo reported the overdose to the Middletown Township Police Department, cooperated with law enforcement, and remained with [Mr. Carontenuto] until Officer Brosius arrived. It is not contested that Mr. Rizzo believed that [Mr. Carontenuto] was in need of immediate medical attention or that Mr. Rizzo provided his name and location when he called the police.

The key provision applicable to [this] case is [35 P.S. § 780-113.7(c)], which describes the manner in which the immunity of the overdose victim depends upon the individual who reported the incident to law enforcement.

. . .

[Mr. Carontenuto] is entitled to immunity from prosecution for violations of [35 P.S. § 780-113(a)(16) and (32)] because Mr. Rizzo may not be charged and is entitled to immunity under [35 P.S. § 780-113.7(a)(2)]. There is no evidence that Mr. Rizzo committed any crime. However, the statute applies if the reporting individual meets the requirements to be protected by the statute because of his actions.

I would note parenthetically that almost anyone present at an overdose could or would be fearful of being prosecuted for constructive possession of anything that is on site.

The contrary result would be that . . . individuals who have committed a crime need not fear calling for help in the event of an overdose, but individuals who have not committed a crime should hesitate before reporting an overdose for fear that [they or] the victim may be prosecuted. The overarching purpose of the statute is to encourage persons to report an overdose and to ensure that the victim would receive . . . help.

N.T. Decision and Order, 5/7/15, at 6-7 and 8-9.

The Commonwealth filed a timely notice of appeal and now raises the following claim:

Did the trial court err when it dismissed the charges against [Mr. Carontenuto] pursuant to the Drug Overdose Response Immunity Act, 35 [P.S.] § 780-113.7, concluding that [Mr. Carontenuto], who had experienced a drug overdose event and was found in possession of drugs and drug paraphernalia, was entitled to immunity from prosecution pursuant to the Drug Overdose Response Immunity statute, for charges relating to his drug and drug paraphernalia use

and/or possession, where the person who called the police to report [Mr. Carontenuto's] drug overdose event remained on the scene and cooperated with police, but where it was undisputed that there was no evidence that the caller himself had committed any criminal act from which the caller required immunity?

Commonwealth's Brief at 4 (some internal capitalization and bolding omitted).

The Commonwealth's claim on appeal revolves entirely around the proper interpretation of 35 P.S. § 780-113.7. "Because statutory interpretation is a question of law, our standard of review is *de novo*[] and our scope of review is plenary." ***Commonwealth v. Hacker***, 15 A.3d 333, 335 (Pa. 2011) (internal quotations and citations omitted). Further:

> The principal objective of statutory interpretation and construction is to ascertain and effectuate the intention of the legislature. 1 Pa.C.S.A. § 1921(a). When possible, every statute should be construed to give effect to all its provisions. Courts must read and evaluate each section of a statute in the context of, and with reference to, the other sections of the statute, because there is a presumption that the legislature intended the entire statute to be operative and effective.
>
> The plain language of a statute is the best indication of legislative intent. The basic tenet of statutory construction requires a court to construe words of the statute according to their plain meaning. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b).

***Commonwealth v. Poncala***, 915 A.2d 97, 104 (Pa. Super. 2006) (some internal quotations and citations omitted).

The Commonwealth's argument on appeal is singular: it argues that Mr. Carontenuto was not entitled to immunity because Mr. Rizzo (the individual who reported Mr. Carontenuto's overdose) committed no crime. According to the Commonwealth, since Mr. Carontenuto's immunity is derivative of Mr. Rizzo's immunity – and since Mr. Rizzo "did not require immunity under subsection (a) of the immunity statute" – Mr. Carontenuto is not entitled to immunity under subsection (c) of the statute. Commonwealth's Brief at 20-21. This claim fails under a plain reading of the statute.

In the case at bar, there is no question that: 1) Mr. Rizzo reported, in good faith, a drug overdose event to the 911 system "and the report was made on the reasonable belief that [Mr. Carontenuto] was in need of immediate medical attention and was necessary to prevent death or serious bodily injury due to a drug overdose;" 2) Mr. Rizzo "provided his own name and location and cooperated with" the 911 system; and, 3) Mr. Rizzo remained with Mr. Carontenuto until Officer Brosius arrived. N.T. Pre-Trial Hearing, 4/28/15, at 5-7; 35 P.S. § 780-113.7(a)(2). Therefore, Mr. Rizzo complied with all three of the statutory requirements for immunity listed in 35 P.S. § 780-113.7(a)(2) – and, since Mr. Rizzo complied with the three statutory requirements, under the plain terms of Section 780-113.7(a)(2), Mr. Rizzo "may not be charged and shall be immune from prosecution . . . for violations of [35 P.S. § 780-113(a)(16) (possession of a controlled substance) and (32) (use or possession of drug paraphernalia)]." 35 P.S.

§ 780-113.7(a)(2) and (b). Further, under the plain terms of Section 780-113.7, since Mr. Rizzo "may not be charged and is entitled to immunity under" the statute, Appellant "may not be charged and shall be immune from prosecution" for possessing a controlled substance and using or possessing drug paraphernalia. 35 P.S. § 780-113.7(c).

The Commonwealth argues that, "because [Mr. Rizzo] had not committed any of the enumerated offense[s], he did not require immunity under subsection (a) of the immunity statute. Consequently, [Mr. Carontenuto] is not entitled to [] derivative immunity under subsection (c)." Commonwealth's Brief at 21. This argument is not well taken.

At the outset, the plain terms of the statute contain no probable cause requirement for the "person who . . . reported and remained with" the overdose victim – and the plain terms of the statute do not require the "person who . . . reported and remained with" the overdose victim to have "committed" any crime at all. Rather, the statute simply declares that, if the reporting individual complies with the three statutory requirements enumerated in Section 780-113.7(a)(2), that individual "may not be charged and shall be immune from prosecution for" things such as possessing a controlled substance and using or possessing drug paraphernalia. 35 P.S. § 780-113.7(a).

Therefore, under the plain terms of the statute, the Commonwealth could not have charged Mr. Rizzo with possessing the contraband, even if it believed Mr. Rizzo and Mr. Carontenuto jointly possessed the heroin and

drug paraphernalia that was found in the bathroom. Further, under the plain terms of the statute, even though the Commonwealth states it believes that Mr. Rizzo did not possess the contraband, the Commonwealth's belief does not alter the fact that Mr. Rizzo "may not be charged and shall be immune from prosecution" for the contraband found in the house.

Moreover, and on a related note, the Commonwealth's entire position in this case is oddly astigmatic. In effect, it is saying it believes Mr. Rizzo and it believes that Mr. Rizzo did not use or possess any of the contraband found at the scene – that's why the Commonwealth did not charge him with a crime. Moreover, since the Commonwealth believes that Mr. Rizzo is innocent, Mr. Rizzo did not "require" immunity from prosecution, and, since Mr. Rizzo did not "require" immunity from prosecution, Mr. Carontenuto cannot claim immunity derivatively from Mr. Rizzo. Yet, and simply stated, regardless of whether the Commonwealth believed Mr. Rizzo or not, the Commonwealth could not have charged Mr. Rizzo with any crime in this case since Mr. Rizzo complied with the requirements of Section 780-113.7(a)(2) and was thus "**entitled** to immunity" under the statute. 35 P.S. § 780-113.7(c) (emphasis added).[3] As such, under the statute, Mr. Carontenuto

---

[3] On appeal, the Commonwealth also looks to the statutory language contained in Section 780-113.7(a)(1) and argues:

> As further evidence of the legislature's intent, the statute explicitly provides in subsection (a)(1) – regarding those who transport a person who experiences a drug overdose

*(Footnote Continued Next Page)*

"may not be charged and shall be immune from prosecution" for possessing a controlled substance and using or possessing drug paraphernalia. 35 P.S. § 780-113.7(c) and (b).

Thus, the trial court properly granted Mr. Carontenuto's motion to dismiss the criminal charges filed against him. Under the plain terms of 35

*(Footnote Continued)* ────────────

event – that "law enforcement officers only became aware of the person's commission of an offense . . . because the person transported a person experiencing a drug overdose event." This language renders it beyond dispute that someone who transports a person experiencing an overdose to get help must have committed an enumerated offense in order to be entitled to immunity under subsection (a). . . . Yet, if this [Court] were to accept the trial court's interpretation of [subsection (a)(2),] – that the person who reports and remains under subsection (a)(2) need not have committed an enumerated offense to be entitled to immunity – this would lead to inconsistent results [between cases that fall under subsection (a)(1) and subsection (a)(2)].

Commonwealth's Brief at 18 (internal footnote omitted).

We express no opinion on the meaning of 35 P.S. § 780-113.7(a)(1). However, we note that, under the guise of a parity claim, the Commonwealth is, in effect, requesting this Court to supply language that the legislature purposefully omitted from subsection (a)(2). *See* Commonwealth's Brief at 18 n.4 ("[t]he Commonwealth acknowledges that subsection (a)(2), pertaining to those who report and remain, does not repeat this specific language and that in an earlier draft of this statute that same language had been included in subsection (a)(2) and was struck"). We will not do so. Moreover, to the extent subsection (a)(1) and subsection (a)(2) may be read differently, we simply note that the subsections use different language to define the scope of their respective immunities. Therefore, if different results are obtained, the difference is a function of the explicit language the legislature purposefully utilized.

P.S. § 780-113.7, Mr. Carontenuto "may not be charged and shall be immune from prosecution" for possessing a controlled substance and using or possessing drug paraphernalia. 35 P.S. § 780-113.7(c) and (b). The Commonwealth's claim on appeal fails.

Order affirmed. Jurisdiction relinquished.

Judge Bowes joins this Opinion.

Judge Strassburger files a Concurring Statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2016