J-S75040-16

2017 PA Super 46

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
        v.                      :
                                :
SARAH KATHERINE MARKUN,         :
                                :
        Appellant               :    No. 1009 EDA 2016

Appeal from the Judgment of Sentence March 1, 2016
in the Court of Common Pleas of Delaware County,
Criminal Division, No(s):  CP-23-CR-0006444-2015

BEFORE:  BOWES, MOULTON and MUSMANNO, JJ.

OPINION BY MUSMANNO, J.:                    Filed:  February 27, 2017

Sarah Katherine Markun ("Markun") appeals from the judgment of

sentence imposed following her conviction of possession of a controlled

substance.  *See* 35 P.S. § 780-113(a)(16).  We affirm.

The trial court set forth the relevant underlying facts as follows:

Twenty-four[-]year[-]old [] Markun … was found unconscious in
a Motel 6 in Tinicum, Delaware County[,] on April 10, 2015[,] at
about 1:30 p.m.  Apparently[,] housekeeping personnel called
911 and reported a medical emergency when she was
discovered.  She was evaluated and treated at the motel by
emergency medical responders and thereafter transported by
the EMTs to a nearby hospital.  A criminal [C]omplaint charging
her with possessing heroin and possession of drug paraphernalia
was issued on August 26, 2015.  [The possession of drug
paraphernalia was later withdrawn.]

A pre[]trial [M]otion to suppress was filed.  After a hearing[,] the
[M]otion to suppress was denied and the matter proceeded by
way of a non-jury trial with [Markun] stipulating to the testimony
heard at the suppression hearing for trial purposes.  At the
conclusion of the non-jury trial[,] [Markun] was found guilty of
possessing a controlled substance.  A sentence of twelve months
of probation was imposed.

Trial Court Opinion, 6/7/16, at 1-2 (footnotes and citations omitted).

Markun filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

On appeal, Markun raises the following question for our review: "Whether the lower court was without authority to convict or sentence [Markun] for possession of a controlled substance[,] since she was immune from prosecution pursuant to 35 P.S. § 780-113.7?" Brief for Appellant at 5.

Initially, we must determine whether Markun properly preserved her immunity challenge, where she raised this claim for the first time in her Rule 1925(b) Concise Statement. Resolution of this issue involves the interpretation and application of section 780-113.7, which states, in relevant part, the following:

> (a) A person may not be charged and shall be immune from prosecution for any offense listed in subsection (b) and for a violation of probation or parole if the person can establish the following:
>
> (1) law enforcement officers only became aware of the person's commission of an offense listed in subsection (b) because the person transported a person experiencing a drug overdose event to a law enforcement agency, a campus security office or a health care facility; or
>
> (2) all of the following apply:
>
>    (i)    the person reported, in good faith, a drug overdose event to a law enforcement officer, the 911 system, a campus security officer or emergency services personnel and the report was made on the reasonable belief that another person was in need of immediate medical attention and was necessary to prevent death or serious bodily injury due to a drug overdose;

(ii)　the person provided his own name and location and cooperated with the law enforcement officer, 911 system, campus security officer or emergency services personnel; and

(iii)　the person remained with the person needing immediate medical attention until a law enforcement officer, a campus security officer or emergency services personnel arrived.

(b) The prohibition on charging or prosecuting a person as described in subsection (a) bars charging or prosecuting a person for probation and parole violations and for violations of section 13(a)(5), (16), (19), (31), (32), (33) and (37).

(c) Persons experiencing drug overdose events may not be charged and shall be immune from prosecution as provided in subsection (b) if a person who transported or reported and remained with them may not be charged and is entitled to immunity under this section.

(d) The prohibition on charging or prosecuting a person as described in this section is limited in the following respects:

 (1) This section may not bar charging or prosecuting a person for offenses enumerated in subsection (b) if a law enforcement officer obtains information prior to or independent of the action of seeking or obtaining emergency assistance as described in subsection (a).

***

(f) As used in this section, the following words and phrases shall have the meanings given to them in this subsection unless the context clearly indicates otherwise:

**"911 system."** A system, including enhanced 911 service and a wireless E-911 system, that permits a person dialing 911 by telephone to be connected to a public safety answering point, via normal telephone facilities, for the reporting of police, fire, medical or other emergency situations.

**"Campus security officer."** An employee of an institution of higher education charged with maintaining the safety and security of the property of the institution and the persons on the property.

**"Drug overdose event."** An acute medical condition, including, but not limited to, severe physical illness, coma, mania, hysteria or death, which is the result of consumption or use of one or more controlled substances causing an adverse reaction. A patient's condition shall be deemed to be a drug overdose if a prudent layperson, possessing an average knowledge of medicine and health, would reasonably believe that the condition is in fact a drug overdose and requires immediate medical attention.

**"Emergency services personnel."** Individuals, including a trained volunteer or a member of the armed forces of the United States or the National Guard, whose official or assigned responsibilities include performing or directly supporting the performance of emergency medical and rescue services or firefighting.

**"Law enforcement officer."** A person who by virtue of the person's office or public employment is vested by law with a duty to maintain public order or to make arrests for offenses, whether that duty extends to all offenses or is limited to specific offenses, or a person on active State duty under 51 Pa.C.S.[A.] § 508 (relating to active duty for emergency).

35 P.S. § 780-113.7 (footnote omitted).

"Where reviewing a claim that raises an issue of statutory construction, our standard of review is plenary." ***Commonwealth v. Wilson***, 111 A.3d 747, 751 (Pa. Super. 2015).

Our task is guided by the sound and settled principles set forth in the Statutory Construction Act, including the primary maxim that the object of statutory construction is to ascertain and effectuate legislative intent. 1 Pa.C.S.[A.] § 1921(a). In pursuing that end, we are mindful that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1

- 4 -

Pa.C.S.[A.] § 1921(b). Indeed, "[a]s a general rule, the best indication of legislative intent is the plain language of a statute." In reading the plain language, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage," while any words or phrases that have acquired a "peculiar and appropriate meaning" must be construed according to that meaning. 1 Pa.C.S.[A.] [§] 1903(a). However, when interpreting non-explicit statutory text, legislative intent may be gleaned from a variety of factors, including, *inter alia*: the occasion and necessity for the statute; the mischief to be remedied; the object to be attained; the consequences of a particular interpretation; and the contemporaneous legislative history. 1 Pa.C.S.[A.] § 1921(c). Moreover, while statutes generally should be construed liberally, penal statutes are always to be construed strictly, 1 Pa.C.S.[A.] § 1928(b)(1), and any ambiguity in a penal statute should be interpreted in favor of the defendant.

Notwithstanding the primacy of the plain meaning doctrine as best representative of legislative intent, the rules of construction offer several important qualifying precepts. For instance, the Statutory Construction Act also states that, in ascertaining legislative intent, courts may apply, *inter alia*, the following presumptions: that the legislature does not intend a result that is absurd, impossible of execution, or unreasonable; and that the legislature intends the entire statute to be effective and certain. 1 Pa.C.S.[A.] § 1922(1),(2). Most importantly, the General Assembly has made clear that the rules of construction are not to be applied where they would result in a construction inconsistent with the manifest intent of the General Assembly. 1 Pa.C.S.[A.] § 1901.

**Wilson**, 111 A.3d at 751.

Markun contends that she did not waive the immunity challenge under section 780–113.7(a)(2) for failing to raise it before the trial court because such a claim implicates the jurisdiction of the court, and cannot be waived. Brief for Appellant at 14-15. Markun asserts that the trial court did not have

authority to adjudicate the case, and that her judgment of sentence must be vacated. *Id*. at 15.[1]

The trial court addressed Markun's claim as follows:

> As the statute places the burden of establishing a person's entitlement to immunity on a defendant, it follows that it is incumbent upon a defendant to raise this claim before the trial court. While direction on the procedural mechanism through which immunity can [be] sought under this provision is not included within the statute, guidance may be found in the Rules of Criminal Procedure governing pre-trial motions, alibi and insanity or mental health defenses. [Markun's] claim of immunity should have been raised in an omnibus pretrial motion. Notice to the Commonwealth would then have been followed by a hearing where [Markun] would have the opportunity to demonstrate that she was immune from prosecution. … A defendant claiming immunity from prosecution must be required through notice and a hearing, to give the Commonwealth an opportunity to meet her claim and to give the trial court an opportunity to consider it through fact-finding based upon evidence rather than mere speculation.

Trial Court Opinion, 6/7/16, at 8-9.

As the trial court notes, while the statute clearly places the burden of proving immunity upon the defendant, the statute is silent as to the timing and mechanism through which a defendant may seek immunity. However, the statute provides that a defendant "may not be charged and shall be

---

[1] Markun also claims that the trial court lacked authority to convict her for possession of a controlled substance where she was immune from prosecution as a drug overdose victim under section 780-113.7. Brief for Appellant at 10, 13. Markun argues that she suffered a drug overdose, motel employees reported the overdose, the employees remained on the scene until medical responders arrived, and the employees cooperated with the responders. *Id*. at 13-14. Markun asserts that the police did not obtain any assistance prior to, or independent of the action seeking medical help. *Id*. at 13.

immune from prosecution," if he/she meets the statutory requirements. *See Commonwealth v. Carontenuto*, 2016 PA Super 197, \*4 (Pa. Super. 2016) (stating that "the statute simply declares that, if the reporting individual complies with the three statutory requirements enumerated in Section 780–113.7(a)(2), that individual 'may not be charged and shall be immune from prosecution for' things such as possessing a controlled substance and using or possessing drug paraphernalia.") (citation omitted); *see also Commonwealth v. Ferguson*, 552 A.2d 1075, 1080 (Pa. Super. 1988) (stating that "the term 'shall' is generally construed as creating a mandatory duty") (emphasis omitted). While the statute does not define "immune," "prosecution" or "charged," we must look to their plain meaning to determine the applicability of the statute. "Charge" is defined as "[t]o accuse (a person) of an offense <the police charged him with murder.>." BLACK'S LAW DICTIONARY 248 (8th ed. 2004). "Immune" is defined as being "exempt from a duty or liability." *Id*. at 765. Further, "prosecution" is defined as "[a] criminal proceeding in which an accused person is tried." *Id*. at 1258.

The plain meaning of "may not be charged," in conjunction with "immune from prosecution," must be construed to create a complete bar of the prosecution of criminal proceedings and dismissal of charges against persons who establish the other statutory requirements listed in section 780-113.7. Further, the statute imposes a burden on the defendant, not the

Commonwealth, to prove immunity after the Commonwealth has filed charges. Indeed, it would be impractical and unreasonable to impose a burden on a defendant to prove immunity prior to an arrest or filing of charges. **See Wilson**, 111 A.3d at 751. Thus, the only mechanism through which a defendant could enforce immunity to avoid being subject to a trial or criminal proceeding would be through a pretrial motion. **See Carontenuto**, 2016 PA Super 197, at *1 (wherein the defendant raised an immunity challenge under section 780-113.7 in a pretrial motion).

Here, Markun failed to raise an immunity challenge in a pretrial motion, and there is no record to determine whether she established the requirements of section 780-113.7.[2] **See** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."); **see also Commonwealth v. Coleman**, 19 A.3d 1111, 1118 (Pa. Super. 2011) (stating that issues raised for first time in Rule 1925(b) concise statement are waived); **Commonwealth v. Hanford**, 937 A.2d 1094, 1098 n.3 (Pa. Super. 2007) (noting that "new theories ordinarily cannot be raised for the first time on appeal[.]"). Further, Markun's failure to properly raise the immunity claim before the trial court did not divest the court of the power to hear the action. **See**

---

[2] We note that the arresting officer and Markun testified at the bench trial. **See** N.T., 3/1/16, at 4-9, 20-25. However, this testimony was not adequate to decide the factual question of the applicability of the statutory immunity. **See** Trial Court Opinion, 6/7/16, at 9 (stating that Markun "offered no competent evidence that allows the court to conclude that all of the provisions of subsection [(a)](2) are satisfied[.]").

***Commonwealth v. Seiders***, 11 A.3d 495, 497 (Pa. Super. 2010) (stating that "[c]ontroversies stemming from violations of the Crimes Code are entrusted to the original jurisdiction of the courts of common pleas for resolution."); ***see generally Commonwealth v. Lenart***, 242 A.2d 259, 262 (Pa. 1968) (stating that "the statute of limitations is not *per se* a bar to prosecution; it is an affirmative defense which must be pleaded. Thus, if not pleaded, the prosecution machinery will grind."). Based upon Markun's failure to raise her immunity challenge in a pretrial motion, we conclude the claim is waived on appeal.

Judgment of sentence affirmed.

Judge Moulton joins the opinion.

Judge Bowes files a dissenting opinion.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2017

- 9 -