COMMONWEALTH of Kentucky,
Appellant

v.

Adrianna Janelle KENLEY, Appellee

NO. 2015-CA-001630-MR

Court of Appeals of Kentucky.

MARCH 17, 2017; 10:00 A.M.

BRIEF FOR APPELLANT: Andy Beshear, Attorney General of Kentucky, James Havey, Assistant Attorney General, Frankfort, Kentucky.

BRIEF FOR APPELLEE: Karen S. Maurer, Frankfort, Kentucky.

BEFORE: CLAYTON, DIXON, AND D. LAMBERT, JUDGES.

## OPINION

CLAYTON, JUDGE:

The Commonwealth appeals an order dismissing with prejudice an indictment issued against Adrianna Kenley. At issue in this case is whether Kentucky Revised Statute ("KRS") 218A.133 exempts the Commonwealth from prosecuting Kenley for First-Degree Promoting Contraband pursuant to KRS 520.050(1)(b).

The facts of the case are not substantially disputed. Kenley was incarcerated at the Fayette County Detention Center in

late 2014. On December 6, 2014, Kenley required medical assistance due to an apparent overdose. Kenley claims other inmates alerted the jail personnel to the overdose. When the jail personnel responded, they found a quantity of Fentanyl in Kenley's shirt pocket. The Fentanyl was in a baggie with a "Superman" symbol on it. She was taken to the University of Kentucky hospital where she was admitted and treated for the overdose.

Kenley was indicted on one count of First-Degree Promoting Contraband and one count of being a First-Degree Persistent Felony Offender. The promoting contraband charge was originally pursuant to KRS 520.050(1)(a), but was later amended to reference KRS 520.050(1)(b)'s "possesses" clause. Those sections read:

(1) A person is guilty of promoting contraband in the first degree when:

(a) He knowingly introduces dangerous contraband into a detention facility or a penitentiary; or

(b) Being a person confined in a detention facility or a penitentiary, he knowingly makes, obtains, or possesses dangerous contraband.

Kenley filed a motion to dismiss the charge pursuant to KRS 218A.133. That statute reads:

(1) As used in this section:

(a) "Drug overdose" means an acute condition of physical illness, coma, mania, hysteria, seizure, cardiac arrest, cessation of breathing, or death which reasonably appears to be the result of consumption or use of a controlled substance, or another substance with which a controlled substance was combined, and that a layperson would reasonably believe requires medical assistance; and

(b) "Good faith" does not include seeking medical assistance during the course of the execution of an arrest warrant, or search warrant, or a lawful search.

(2) A person shall not be charged with or prosecuted for a criminal offense prohibiting the possession of a controlled substance or the possession of drug paraphernalia if:

(a) In good faith, medical assistance with a drug overdose is sought from a public safety answering point, emergency medical services, a law enforcement officer, or a health practitioner because the person:

1. Requests emergency medical assistance for himself or herself or another person;

2. Acts in concert with another person who requests emergency medical assistance; or

3. Appears to be in need of emergency medical assistance and is the individual for whom the request was made;

(b) The person remains with, or is, the individual who appears to be experiencing a drug overdose until the requested assistance is provided; and

(c) The evidence for the charge or prosecution is obtained as a result of the drug overdose and the need for medical assistance.

(3) The provisions of subsection (2) of this section shall not extend to the investigation and prosecution of any other crimes committed by a person who otherwise qualifies under this section.

(4) When contact information is available for the person who requested emergency medical assistance, it shall be reported to the local health department. Health department personnel shall make contact with the person who requested emergency medical assistance in order to offer referrals regarding substance abuse treatment, if appropriate.

(5) A law enforcement officer who makes an arrest in contravention of this section shall not be criminally or civilly liable for false arrest or false imprisonment if the arrest was based on probable cause.

Following argument, the trial court granted the motion and dismissed the charges with prejudice:

The parties have stipulated that the prosecution of the Defendant in this indictment is for violation of KRS 520.[0]50(1)(b); "A person is guilty of promoting contraband in the first degree when being a person confined in a detention facility or penitentiary, she knowingly makes, obtains, or possess[es] dangerous contraband." Furthermore, the parties have stipulated that the evidence against the Defendant would be that she merely possessed a controlled substance within the facility. The discovery was made when medical assistance was requested for what appeared to be Defendant overdosing, as she was unresponsive.

The Commonwealth could not offer any evidence that the Defendant introduced the controlled substance in the facility or that she had "made" the substance. As a result, the only evidence the Commonwealth can present is evidence of simple possession of the substance.

Given these facts, the new provisions of KRS 218A apply and this prosecution is barred. The above styled case shall be dismissed with prejudice.

■ The Commonwealth timely appealed. The sole issue before us is whether KRS 218A.133 prohibits prosecution under KRS 520.050(1)(b)'s possession-of-dangerous-contraband provision when that dangerous contraband is a controlled substance. We review the circuit court's statutory construction *de novo*. *Rhodes v. Commonwealth*, 417 S.W.3d 762, 764-65 (Ky. App. 2013) (citing *Cumberland Valley Contractors, Inc. v. Bell County Coal Corp.*, 238 S.W.3d 644, 647 (Ky. 2007)).

Pursuant to KRS 446.080(1), "[a]ll statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature. . . ." "Thus, the cardinal rule of statutory construction is that the intention of the legislature should be ascertained and given effect." *MPM Fin. Group, Inc. v. Morton*, 289 S.W.3d 193, 197 (Ky. 2009) (citing *Cabinet for Human Res., Interim Office of Health Planning and Certification v. Jewish Hosp. Healthcare Servs., Inc.*, 932 S.W.2d 388, 390 (Ky. App. 1996)).

"[I]f a statute is clear and unambiguous and expresses the legislature's intent, the statute must be applied as written." *Hall v. Hosp. Res., Inc.*, 276 S.W.3d 775, 784 (Ky. 2008) (citing *Griffin v. City of Bowling Green*, 458 S.W.2d 456, 457 (Ky. 1970)). Said another way, "where the language of a statute is clear and unambiguous on its face, we are not free to construe it otherwise even though such construction might be more in keeping with the statute's apparent purpose." *MPM Fin.*, 289 S.W.3d at 197 (citing *Whittaker v. McClure*, 891 S.W.2d 80, 83 (Ky. 1995)). Furthermore, "[w]here there is an apparent conflict between two statutes, the Court is obliged to attempt to harmonize the interpretation of the law so as to give effect to both statutes." *Commonwealth v. White*, 3 S.W.3d 353, 354 (Ky. 1999) (citing *Commonwealth v. Halsell*, 934 S.W.2d 552 (Ky. 1996)).

■ Having reviewed the instant statutes, we find no ambiguity and can afford both statutes their due effect. KRS 218A.133(2) precludes charging a person with "a criminal offense prohibiting the possession of a *controlled substance*" under conditions existing in the instant case. (Emphasis added). KRS 218A.133(3), on the other hand, removes from subsection

(2) "the investigation and prosecution of *any other crimes* committed by a person who otherwise qualifies under this section." (Emphasis added). Thus, if Kenley was charged with a crime other than possession of a controlled substance, then she is not entitled to immunity from prosecution.

Here, Kenley was charged with First-Degree Promoting Contraband. On its face, First-Degree Promoting Contraband is a crime other than possession of a controlled substance. First-Degree Promoting Contraband criminalizes possession of "dangerous contraband." KRS 520.050(1)(b). "Dangerous contraband" is defined as:

> ... contraband which is capable of use to endanger the safety or security of a detention facility or persons therein, including, but not limited to, dangerous instruments as defined in KRS 500.080, any controlled substances, any quantity of an alcoholic beverage, and any quantity of marijuana, cell phones, and saws, files, and similar metal cutting instruments.

KRS 520.010(3). The statute further defines "contraband" as "any article or thing which a person confined in a detention facility is prohibited from obtaining or possessing by statute, departmental regulation, or posted institutional rule or order[.]" KRS 520.010(1).

Though "dangerous contraband" includes controlled substances, it only does so as a non-exhaustive list of items that are *per se* capable of endangering the safety or security of a detention facility. *See Koonce v. Commonwealth*, 769 S.W.2d 73, 74 (Ky. 1989) (noting the legislature amended KRS 520.010(3) to include marijuana "as one of several items to be considered dangerous contraband *per se*"). In other words, First-Degree Promoting Contraband does not criminalize the possession of controlled substances—it criminalizes possessing dangerous contraband which may, but does not necessarily, include controlled substances.

The statute so criminalizes dangerous contraband because the presence of those items endanger the detention center and the people therein. In *Commonwealth v. O'Hara*, 793 S.W.2d 840 (Ky. App. 1990), a panel of this Court held that even a few milligrams of marijuana can cause serious problems in Kentucky prisons and detention facilities. In that case, testimony from a captain at the Kentucky State Reformatory demonstrated that marijuana was bought and sold in prisons, interest was charged, and debts were created, which led to threats and violence and illicit acts. Furthermore, prison guards had compromised their jobs by agreeing to inmates' requests to bring contraband into the facility.

While no such testimony was introduced in the instant case, the First-Degree Promoting Contraband statute on its face evidences an intent by the General Assembly to combat the harm created by any dangerous contraband. KRS 520.050(1)(b), then, proscribes certain conduct inside prisons and detention facilities because such conduct is inherently dangerous. It is not a statute aimed at criminalizing mere possession of drugs. Indeed, the LRC Commentary notes the statute's purpose, "[i]t is the presence of forbidden articles *within* a detention facility where the inmate has access to them that creates a risk to institutional security." (1974) (emphasis in original). *See also Commonwealth v. Simmons*, 753 S.W.2d 872, 873-74 (Ky. App. 1988) (same). To that end, First-Degree Promoting Contraband is a different crime than the KRS 218A possession-of-a-controlled-substance crimes, and KRS 218A.133(3)'s exception applies.

In response, Kenley argues that *Commonwealth v. Carontenuto*, 2016 PA Super 197, 148 A.3d 448 (Pa. Super. 2016), should

be reviewed for its purportedly persuasive reasoning. Having reviewed the case, we find it wholly inapplicable.

In *Carontenuto*, the defendant was charged with possession of a controlled substance and possession of drug paraphernalia. Carontenuto had been using drugs and overdosed when the manager of the recovery house he was residing in found him and called for emergency medical assistance. Pursuant to Pennsylvania Statutes Title 35 P.S. Health and Safety § 780-113.7, a person who experiences an overdose "may not be charged and shall be immune from prosecution ... if a person who transported or reported and remained with them may not be charged and is entitled to immunity under this section." Carontenuto contended that because the manager of the recovery house was immune from prosecution—because he had committed no crime—then Carontenuto should likewise be immune from prosecution. The Pennsylvania Superior Court agreed with Carontenuto and granted him immunity.

Neither the facts in *Carontenuto*, nor the applicable immunity law, is similar to the instant facts or KRS 218A.133. Kenley was charged with First-Degree Promoting Contraband, not possession of a controlled substance, because she possessed dangerous contraband inside a detention facility. Likewise, Kentucky's immunity statute is not dependent upon another person being immune from prosecution. Accordingly, *Carontenuto* is unpersuasive.

Kenley also argues that the public policy behind KRS 218A.133—the need to address the heroin epidemic—necessitates that the immunity provision apply here. We disagree. KRS 218A.133(3) specifically exempts the immunity provision "to the investigation and prosecution of any other crimes committed by a person who otherwise qualifies under this section." Clearly, the General Assembly left this provision in

for situations such as this, where a person is both personally using drugs and overdosing while also committing other crimes. Kenley's choice to possess a separate quantity of a dangerous contraband while also overdosing on a controlled substance inside a detention facility constituted the "other crime" that could be investigated and prosecuted.

Furthermore, allowing Kenley to escape prosecution for possessing the dangerous contraband does not further the public policy of helping to rehabilitate drug users, "reduce criminal risk factors[,]" and "offer a potential alternative to incarceration[.]" KRS 218A.005(2). Her possession of dangerous contraband increased criminal risk factors by endangering more than just herself—she endangered those who worked and resided at the detention facility. It perpetuated an ongoing and serious problem inside our Commonwealth's detention facilities. And because Kenley's actions were increasing the danger to those around her in the detention facility, she should not be afforded the privilege of an alternative to incarceration.

Accordingly, it does not violate public policy to permit the Commonwealth to proceed with a First-Degree Promoting Contraband charge. The trial court erred by dismissing the charges against Kenley.

### CONCLUSION

Under the facts of this case as stipulated by the parties, the trial court erred by granting Kenley's motion to dismiss the First-Degree Promoting Contraband and the First-Degree Persistent Felony Offender charges. We REVERSE and REMAND for the indictment to be reinstated.

ALL CONCUR.