J-A30010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KAITLYN RUTH MCCLIMON | |
| Appellant | No. 863 MDA 2016 |

Appeal from the Order Entered February 16, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004917-2015

BEFORE:  BOWES, OLSON AND STABILE, JJ.

MEMORANDUM BY BOWES, J.:　　　　　　　　**FILED MARCH 21, 2017**

Kaitlyn McClimon appeals from the order denying her pre-trial writ of

*habeas corpus*.[1]  We reverse.

_____

[1] The February 16, 2016 order denied Appellant's petition for a writ of *habeas corpus*.  On February 26, 2016, Appellant filed a petition for interlocutory appeal, requesting that the trial court amend its order to include language set forth in 42 Pa.C.S. § 702(b) (trial court may certify an interlocutory appeal if it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter[.]").  That petition was timely.  Pa.R.A.P. 1311(b) ("An application for an amendment of an interlocutory order to set forth expressly the statement specified in 42 Pa.C.S. § 702(b) shall be filed with the lower court or other government unit within 30 days after the entry of such interlocutory order[.]").

On March 21, 2016, the trial court granted the petition and amended the February 16, 2016 order to include the § 702(b) language.  Appellant
*(Footnote Continued Next Page)*

This case concerns the applicability of the Drug Overdose Response Immunity statute (hereinafter "the Act"), 35 P.S. § 780-113.7. The facts are straightforward. Appellant suffered a life-threatening heroin overdose at her residence. A friend called 911 and remained on site while paramedics and police officers responded and administered aid. Police discovered stamp bags of heroin and drug paraphernalia near Appellant, who was charged with one count each of possession of a controlled substance and possession of drug paraphernalia. The police officer determined that the friend committed no crime.

Appellant thereafter sought discharge, invoking the statutory protections of the Act, which states in relevant part:

> (a) A person may not be charged and shall be immune from prosecution for [the instant offenses] . . . if the person can establish the following:
>     . . . .
>
>     (2) all of the following apply:
>
>         (i) the person reported, in good faith, a drug overdose event to . . . the 911 system . . . and the report was made on the reasonable belief that another person was in need of immediate medical attention and was necessary to prevent

*(Footnote Continued)* ────────────

then timely filed, on April 1, 2016, a petition for appeal with this Court within thirty days of the order as amended. *See* Pa.R.A.P. 1311(b). On June 1, 2016, we granted the petition for permission to appeal.

> death or serious bodily injury due to a drug overdose;
>
> (ii) the person provided his own name and location and cooperated with the . . . 911 system . . . ; and
>
> (iii) the person remained with the person needing immediate medical attention until a law enforcement officer, a campus security officer or emergency services personnel arrived.
>
> . . . .
>
> **(c) Persons experiencing drug overdose events may not be charged and shall be immune from prosecution [of these offenses] . . . if a person who transported or reported and remained with them may not be charged and is entitled to immunity under this section.**

35 P.S. § 780-113.7. The trial court agreed with the Commonwealth's position that, since the authorities determined that the friend did not commit a crime, there is no immunity to extend to Appellant.

The Commonwealth does not dispute that the friend would be entitled to immunity under 35 P.S. § 780-113.7(a)(2), but maintains there is no immunity to extend to Appellant under § 780-113.7(c) since the friend committed no crime. "[Appellant] is not entitled to . . . immunity, even though the elements of 35 P.S. § 780-113.7(a)(2) have been satisfied." Commonwealth's brief at 13. *Commonwealth v. Carontenuto*, 148 A.3d 448 (Pa.Super. 2016), issued after the trial court's ruling, rejected this precise argument.

> [T]he statute simply declares that, if the reporting individual complies with the three statutory requirements enumerated in Section 780–113.7(a)(2), that individual "may not be charged and shall be immune from prosecution for" things such as possessing a controlled substance and using or possessing drug paraphernalia. 35 P.S. § 780–113.7(a).
>
> Therefore, under the plain terms of the statute, the Commonwealth could not have charged [the reporting party] with possessing the contraband, even if it believed [the reporting party] and [appellant] jointly possessed the heroin and drug paraphernalia that was found in the bathroom. Further, under the plain terms of the statute, even though the Commonwealth states it believes that [the reporting party] did not possess the contraband, the Commonwealth's belief does not alter the fact that [he] "may not be charged and shall be immune from prosecution" for the contraband found in the house.

*Id*. at 453.

The Commonwealth recognizes that **Carontenuto** defeats its position, but, since "further appeals are expected," asks us to deny relief. Commonwealth's brief at 11, n.1. We are powerless to overrule a prior decision of this Court. **Commonwealth v. Pepe**, 897 A.2d 463, 465 (Pa.Super. 2006). Moreover, we note that, on February 15, 2017, our Supreme Court denied further review in **Carontenuto**. **Commonwealth v. Carontenuto**, --- A.3d ---, 2017 WL 611926 (Pa. 2017). Hence, we reverse.

Order reversed.  Appellant is discharged.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/21/2017