J-S67007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHILIP ROBERT ATKINS | : | |
| | : | |
| Appellant | : | No. 1460 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 4, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007574-2017

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                **FILED JANUARY 07, 2020**

Appellant, Philip Robert Atkins, appeals from the judgment of sentence entered on June 4, 2018.  We affirm.

On August 29, 2017, Appellant was involved in a car accident.  When the police arrived on scene, they discovered that Appellant smelled of marijuana and that his eyes were glassy and bloodshot.   Trial Court Opinion, 11/2/18, at 2.  After further investigation, the police arrested Appellant for driving under the influence of a controlled substance (hereinafter "DUI").  The Commonwealth later charged Appellant with DUI, as a second offense, and related offenses.

Appellant filed a pre-trial motion and claimed, among other things, that this was not his second DUI offense for grading and sentencing purposes, as

_____

[*] Former Justice specially assigned to the Superior Court.

the current DUI occurred more than ten years after his first DUI.  Specifically,

Appellant claimed:

> On or about August 1, 2007, [Appellant] was arrested and charged with [DUI]. . . .
>
> On or about February 8, 2008, [Appellant] was admitted into the [accelerated rehabilitative disposition ("ARD")] program and successfully completed the program.
>
> . . .
>
> [Appellant] believes and avers that this offense, pursuant to 75 Pa.C.S. § 3806(b)[,] is a first offense for sentencing purposes. . . .
>
> [Since Appellant was arrested and charged with the current DUI on August 27, 2017, t]he offense for which [Appellant] is before [the trial] court did not occur within ten years of the date of his first DUI offense.  [Appellant] believes and avers the correct date for determining his "prior offense" occurred is August 1, 2007 and not February 8, 2008.

Appellant's Pre-Trial Motion, 1/17/18, at 5-6 (paragraph numbering omitted).

On June 4, 2018, the trial court held a hearing on Appellant's pre-trial

motion.  During the hearing, Appellant argued that, pursuant to 75 Pa.C.S.A.

§ 3806, he could only be subject to the enhanced grading and penalties for a

second DUI if the first offense occurred "within 10 years prior to the date" of

his current offense.  N.T. Hearing, 6/4/18, at 4-5; **see also** 75 Pa.C.S.A.

§ 3806(b)(1)(i).  The parties agreed that Appellant was arrested for his prior

DUI on August 1, 2007 and that he was accepted into ARD for that offense on

February 8, 2008.  **See** N.T. Hearing, 6/4/18, at 4.  Appellant argued that,

under the statutory scheme, "the prior offense date" must be the date that he

committed the prior DUI – and not the date that he was accepted into ARD for that offense. Appellant claimed that, since he committed the prior DUI on August 1, 2007 and he committed the current DUI on August 29, 2017, the offenses were more than ten years apart and he could not be subject to the enhanced grading and penalties for a second DUI. *Id.* at 4-5.

The Commonwealth countered by arguing that the plain statutory language of 75 Pa.C.S.A. § 3806(a) defines the term "prior offense" as occurring upon the defendant's "acceptance of" ARD. *Id.* at 6; *see also* 75 Pa.C.S.A. § 3806(a). The Commonwealth argued: "[i]f we [look to Section 3806(a),] in this case [Appellant] was placed on ARD on February 8[,] 2008. And then the new offense was committed on August 29, 2017, which . . . [is] within the ten-year lookback period." N.T. Hearing, 6/4/18, at 6. Therefore, the Commonwealth argued, Appellant was subject to the enhanced grading and penalties for a second-DUI offense. *Id.*

The trial court agreed with the Commonwealth and denied Appellant's pre-trial motion. *Id.* at 7. Following the trial court's ruling, Appellant entered a negotiated guilty plea to DUI (second offense) and possession of drug paraphernalia.[1] *Id.* at 11. On June 4, 2018, in accordance with the negotiated plea, the trial court sentenced Appellant to serve a term of "five years of [c]ounty intermediate punishment to include 45 days [of] incarceration in the

---

[1] 75 Pa.C.S.A. § 3802(d)(1)(i) and 35 P.S. § 780-113(a)(32), respectively.

- 3 -

York County Prison[,] followed by 90 days of house arrest with alcohol monitoring." *Id.* at 12.

Following the *nunc pro tunc* restoration of Appellant's direct appellate rights, Appellant filed a timely notice of appeal. *See* PCRA Court Order, 8/22/19, at 2. Appellant raises one claim to this Court:

> Whether the [trial] court erred as a matter of law by sentencing [Appellant] as a second offender under 75 Pa.C.S. § 3806(a) instead of as a first offender under 75 Pa.C.S. § 3806(b) where the present offense occurred on August 29, 2017 and Appellant's first DUI offense, which resulted [in] ARD acceptance on February 8, 2008, occurred on August 1, 2007?

Appellant's Brief at 10 (some capitalization omitted).

Appellant's claim implicates the legality of his sentence. ***Commonwealth v. Catt***, 994 A.2d 1158, 1160 (Pa. Super. 2010) (holding: a claim that the trial court "erred when it sentenced [the defendant] as a second-time [DUI] offender" implicated the legality of the defendant's sentence). Further, Appellant's claim centers upon the proper interpretation of 75 Pa.C.S.A. § 3806. "Because statutory interpretation is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Carontenuto***, 148 A.3d 448, 452 (Pa. Super. 2016) (quotations, citations, and corrections omitted); ***see also Catt***, 994 A.2d at 1160 ("[w]hen the legality of a sentence is at issue on appeal, our standard of review is *de novo* and our scope of review is plenary") (quotations and citations omitted). We note:

- 4 -

> The principal objective of statutory interpretation and construction is to ascertain and effectuate the intention of the legislature. 1 Pa.C.S.A. § 1921(a). When possible, every statute should be construed to give effect to all its provisions. Courts must read and evaluate each section of a statute in the context of, and with reference to, the other sections of the statute, because there is a presumption that the legislature intended the entire statute to be operative and effective.
>
> The plain language of a statute is the best indication of legislative intent. The basic tenet of statutory construction requires a court to construe words of the statute according to their plain meaning. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b).

*Carontenuto*, 148 A.3d at 452 (some quotations and citations omitted).

Appellant was convicted of DUI under 75 Pa.C.S.A. § 3802(d)(1)(i). 75 Pa.C.S.A. §§ 3803(b)(4) and 3804(c) provide enhanced grading and penalties for individuals who violate Section 3802(d) and who have a "prior offense." *See* 75 Pa.C.S.A. §§ 3803(b)(4) and 3804(c). In relevant part, Section 3806 defines the term "prior offense" and defines its applicability in the following manner:

> **(a) General rule.**--Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:
>
> > (1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);
>
> > . . .

**(b) Timing.**--

(1) For purposes of sections . . . 3803 (relating to grading) [and] 3804 (relating to penalties) . . . , the prior offense must have occurred:

(i) within 10 years prior to the date of the offense for which the defendant is being sentenced[.]

. . .

75 Pa.C.S.A. § 3806.

According to Appellant, to determine whether his current DUI constitutes a "second offense," Section 3806 requires that we look to the date upon which he committed "the offensive conduct which trigger[ed] the judicial process." Appellant's Brief at 29. Appellant claims that, since his first DUI occurred on August 1, 2007 and his current offense occurred on August 29, 2017, he could not be sentenced as a second-time DUI offender, as his offenses occurred more than ten years apart. *Id.* at 30. Appellant's claim fails. Indeed, the Pennsylvania Supreme Court's recent opinion in ***Commonwealth v. Mock***, ____ A.3d ____, 2019 WL 6139414 (Pa. 2019), controls this case.

In ***Mock***, the defendant committed a DUI on June 3, 2006, was convicted of the DUI on March 27, 2007, and committed another DUI on July 10, 2016. The defendant's second DUI occurred more than ten years after he committed his first DUI and approximately nine years after his conviction for the first crime. *Id.* at *1.

After he was arrested for the 2016 DUI, the Commonwealth charged the defendant with DUI as a second offense. The defendant filed a motion to quash the information and claimed that the DUI was not a second offense because he committed the first DUI more than ten years before he committed the current offense. Specifically, Appellant claimed: "the general rule in [Section 3806(a)], which defines a prior offense as any conviction, yields to the entirely separate definition of prior offense in [Section 3806(b)], which focuses on the occurrence date of the earlier offense." *Id.* at *3. Therefore, the defendant claimed, his first DUI did not fit within Section 3806(b)'s definition of "prior offense" and he was not subject to the enhanced grading and penalties that are tied to DUI as a "second offense." *Id.*

The trial court denied the defendant's motion to quash and the Superior Court affirmed the trial court's order. The Pennsylvania Supreme Court granted the defendant's petition for allowance of appeal and affirmed the Superior Court's order, holding: "the ten-year lookback period in Section 3806 runs from the occurrence date of the present offense to the conviction date of the earlier offense." *Id.* at *5. The Supreme Court reasoned:

> Section 3806 includes a "[g]eneral rule" and a specific rule relating to "[t]iming." 75 Pa.C.S. § 3806. The general rule in subsection (a), limited by the phrase "[e]xcept as set forth in subsection (b)," defines prior offense as "any conviction" or alternative disposition "before the sentencing on the present violation" for offenses such as DUI and applies to the entirety of Chapter 38. *Id.* The specific rule in subsection (b), relevant for grading and penalty purposes, states that a prior offense "must have occurred ... within [ten] years prior to the date of the offense for which the defendant is being sentenced[.]"

> *Id.* Applying the definition of prior offense provided in subsection (a), subsection (b) reads "the prior offense," *i.e.*, conviction or alternative disposition, "must have occurred . . . within ten years prior to the date of the offense for which defendant is being sentenced." *Id.* This interpretation also gives effect to the exclusionary phrase in subsection (a), which signals that subsection (b) limits the scope of "prior offense" in subsection (a), defined as "any conviction," to only those convictions taking place within the timing confines of subsection (b). *Id.* Thus, the plain language of the statute requires that the ten-year lookback period runs from the occurrence date of the present offense to the conviction date of the earlier offense. [The defendant] was properly sentenced as a second-time offender because his earlier conviction took place less than ten years before he committed the present offense.

*Mock*, 2019 WL 6139414 at *5.

Although Appellant's first DUI resulted in his being accepted into ARD – and did not, as in *Mock*, result in a conviction – *Mock* still controls the outcome of this case. As *Mock* holds, Section 3806(a) provides the "general definition" of the term "prior offense;" and, according to *Mock*, the general definition is "applicable throughout the remainder of the statute." *Id.* at *6.

In keeping with *Mock* and the plain language of the statute, we note that Section 3806(a) defines the term "prior offense," in relevant part, as: "any . . . acceptance of Accelerated Rehabilitative Disposition . . . for . . . an offense under section 3802 (relating to driving under influence of alcohol or controlled substance)." 75 Pa.C.S.A. § 3806(a). Using this definition of "prior offense," Section 3806(b) must be read in the following manner: "[f]or purposes of sections . . . 3803 (relating to grading) [and] 3804 (relating to penalties) . . . , the prior offense [(*i.e.* the 'acceptance of Accelerated

Rehabilitative Disposition' for a Section 3802 offense)] must have occurred . . . within 10 years prior to the date of the offense for which [Appellant] is being sentenced." 75 Pa.C.S.A. § 3806; *Mock*, 2019 WL 6139414 at **5-6.

In the case at bar, Appellant was accepted into ARD for his first DUI on February 8, 2008 and he committed his second DUI within ten years of this date – on August 29, 2017. As such, pursuant to *Mock* and the plain statutory language of Section 3806, Appellant was properly convicted of DUI as a second offense. Appellant's claim to the contrary fails.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/07/2020