COMMONWEALTH of
Kentucky, Appellant,

v.

Bruce Wayne SIMMONS, Appellee.

No. 87–CA–817–MR.

Court of Appeals of Kentucky.

March 11, 1988.

Rehearing Denied July 29, 1988.

David L. Armstrong, Att. Gen., Frankfort, Bruce R. Hamilton, Sp. Ass. Att. Gen., LaGrange, for appellant.

Stephen P. Durham, Appellate Public Advocate, Louisville, for appellee.

Before DYCHE, HOWARD and WEST, JJ.

DYCHE, Judge.

The Commonwealth of Kentucky appeals the order of the Oldham Circuit Court dismissing the indictment against appellee Bruce Wayne Simmons. We affirm.

Appellee Simmons was a member of a work detail sent from Roederer Farm Center in Oldham County to the Kentucky State Fairgrounds in Jefferson County on August 16, 1986. Having noticed inmate Simmons conversing with a civilian, Correctional Officer Janet Thomas proceeded to frisk Simmons, whereupon she discovered in his pockets a small knife and a Ticketron envelope containing five butts of marijuana cigarettes. Subsequently, the Oldham County grand jury returned an indictment versus Simmons for promoting contraband in the first degree and persistent felony offender in the first degree.

Appellee's counsel moved to dismiss the charges in Oldham County, urging that Simmons was on work detail and not within a "detention facility" as proscribed in KRS 520.050(1)(b), the statute under which he

was indicted. Alternatively, said counsel moved pursuant to RCr 8.26 to transfer the case to its proper venue (i.e., Jefferson County). After two hearings and having considered written memoranda submitted by the parties, the circuit court ruled that, for purposes of promoting contraband, "detention facility" means "the actual physical structure in which a person is confined and beyond which [he] may not go without permission." Accordingly, the trial court ordered the indictment dismissed and declined to address the question of venue. The Commonwealth appeals from this adverse ruling. KRS 22A.020(4).

■ The Commonwealth first argues that the trial court erred by adopting a strict definition of detention facility. The Commonwealth urges that the statutory definition is sufficiently broad to encompass temporary work sites. We disagree. KRS 520.050(1)(b) prohibits a person "confined in a detention facility" from knowingly making, obtaining or possessing dangerous contraband. "Detention facility" is defined in KRS 520.010(4) as

any place *used for the confinement of a person*:

(a) Charged with or convicted of an offense;

(b) Alleged or found to be delinquent;

(c) Held for extradition or as a material witness; or

(d) Otherwise confined pursuant to an order of the court for law enforcement purposes. (emphasis added.)

It is not simply "any place" as the Commonwealth would have us believe. Had the legislature intended to include the "confines of any work detail" (as in KRS 520.010[6]), it could easily have done so.

■ Appellant next argues that the circuit court violated the legislative policy behind the promoting contraband statute by applying a different standard to prisoners outside institutional boundaries from those within a detention facility. The proscription against dangerous contraband is meant to prevent "endanger[ing] the safety or security of a detention facility or persons therein." KRS 520.010(3). The Commonwealth insists that, because "the ultimate destination of these dangerous articles is the confines within the prison walls," inmates on work detail should be as culpable as those within the detention facility. It is doubtful whether the amount of marijuana in question (less than one gram) would be considered dangerous contraband for purposes of the statute. *See Cooper v. Commonwealth*, Ky.App., 648 S.W.2d 530, 532–33 (1982). Although we agree that the small knife could be considered sufficiently dangerous, appellant's assertion that Simmons would ultimately have introduced it to the prison population is unfounded. No dual standard of conduct is established by the circuit court's decision: It is still unlawful for an inmate on work detail to possess marijuana (KRS 218A.990[9]) and to carry a concealed weapon (KRS 527.020). It simply does not constitute promoting contraband in the first degree until it is brought within the confines of the detention facility or until the legislature deems otherwise.

■ Appellant's accusations of forum shopping will not be considered for the reasons that: (1) the venue question was specifically not addressed by the trial court; (2) appellant's argument totally disregards KRS 452.510 and RCr 8.26; and (3) it is the Commonwealth, not appellee, who is guilty of forum shopping.

The Commonwealth fourthly argues that "detention facility" must have the same definition for promoting contraband as escape, so as not to render the statute ridiculous or impossible in its application to carry forth the legislative intent. We find this unconvincing for the same reasons as those stated in the first issue: Had the legislature intended to encompass temporary work detail or simply custody for purposes of promoting contraband, it would have included language to that effect.

We may look to the commentary as an aid in interpreting this statute. KRS 500.100; *Smith v. Commonwealth*, Ky.App., 587 S.W.2d 266, 268 (1979). Said commentary states:

Conveying contraband out of a facility is eliminated from the scope of the penal

law, and the Code instead makes possession of such contraband by an inmate punishable. It is the presence of forbidden articles *within* a detention facility where the inmate has access to them that creates a risk to institutional security. (original emphasis.) KRS 520.050, Commentary (1974).

We therefore cannot agree that the circuit court's interpretation is violative of that legislative policy.

The Commonwealth next alleges that the circuit court used the wrong procedure in dismissing the indictment prior to trial. In so arguing the Commonwealth asserts that RCr 9.64, which allows for the Commonwealth attorney to dismiss the indictment with the permission of the court, is the proper avenue of procedure. Again we are unconvinced. In the case at hand the indictment fails in that it does not include an essential element of the crime with which Simmons is charged, i.e., that he be confined to a detention facility. KRS 520.050(1)(b). As such the circuit court properly dismissed the indictment pursuant to motion by appellee.

Appellant's sixth and final argument is a rehashing of the venue question, and we decline to address it.

The judgment of the Oldham Circuit Court is affirmed.

All concur.