RENDERED: OCTOBER 2, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1421-MR

BROCK CRUTCHER                                         APPELLANT


             APPEAL FROM MARION CIRCUIT COURT
v.             HONORABLE SAMUEL TODD SPALDING, JUDGE
                   ACTION NO. 18-CR-00267


COMMONWEALTH OF KENTUCKY                   APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND LAMBERT, JUDGES.

ACREE, JUDGE: Brock Crutcher appeals the Marion Circuit Court's August 30, 2019 order denying his motion to dismiss his indictment. He alleges the circuit court erred in interpreting KRS[1] 520.050 and KRS 520.010(6). Finding no error, we affirm.

---

[1] Kentucky Revised Statutes.

## BACKGROUND

Crutcher is serving a twenty-five-year sentence under the care and custody of the Kentucky Department of Corrections. He was placed and housed at the Marion County Detention Center to participate in the REACH (Re-Entering American Communities with Hope) program.[2] On July 17, 2018, while at a city park work-detail site, Crutcher was seen throwing a cellphone into a nearby bush. Consequently, he was charged with one count of promoting contraband and being a persistent felony offender.

Crutcher moved to dismiss the charge, arguing his conduct was not within the scope of the promoting-contraband statute as he did not knowingly bring contraband *into* the detention center, but only possessed it at a work-detail site. The circuit court held a hearing, but ultimately denied his motion. Following the hearing, Crutcher entered a conditional guilty plea. This appeal followed.

## STANDARD OF REVIEW

Because statutory interpretation involves questions of law, "our review is de novo; and the conclusions reached by the lower courts are entitled to no deference." *Commonwealth v. Love*, 334 S.W.3d 92, 93 (Ky. 2011) (citation omitted). When interpreting statutes, our utmost duty is to "effectuate the intent of the legislature." *Commonwealth v. Plowman*, 86 S.W.3d 47, 49 (Ky. 2002)

---

[2] This program is a six-month program offered to graduates of the substance abuse program.

(citation omitted). That intent is perhaps no better expressed than through the actual text of the statute, so we look first to the words chosen by the legislature – if a statute is unambiguous, it is conclusive. *Stephenson v. Woodward*, 182 S.W.3d 162, 170 (Ky. 2005). "In reviewing the text, we give words their plain, ordinary meaning." *Brewer v. Commonwealth*, 478 S.W.3d 363, 371 (Ky. 2015).

## ANALYSIS

The sole issue on appeal is whether Crutcher's conduct at his work-detail site is an actionable offense under KRS 520.050. We conclude it is.

There is no question that "[d]angerous contraband" is defined to include a cellphone. KRS 520.010(3) ("'Dangerous contraband' means . . . cell phones"). Another definition – "penitentiary" – is the crux of this case.

Crutcher contends neither the Marion County Detention Center, nor his work-detail program qualifies as a "penitentiary" under the statutory definition. To support his view, he relies on *Commonwealth v. Simmons*, which held that a work-detail site does not qualify as a detention facility or penitentiary under the definition given by the legislature. 753 S.W.2d 872, 873 (Ky. App. 1988). Crutcher's reliance on *Simmons* is misplaced.

*Simmons* predates the current version of the relevant statutes. In fact, it is that very case that prompted the Kentucky Legislature to amend the statute at issue – KRS 520.010(6) – and other related provisions of Chapter 520. Two years

after the holding in *Simmons*, the General Assembly amended Chapter 520 to abrogate the holding of the case.[3]  In pertinent part, the amendment included the Chapter's definitions section to read:  "As used in this section . . . 'penitentiary' includes any facility operated by the Corrections Cabinet and the confines of any work detail or other detail, whether under guard or not, *under the custody and control of the Corrections Cabinet*."  KRS 520.010(6) (emphasis added).

Crutcher argues that "the DOC[4] does not control or supervise the work detail, so the program could not fall under the definition of 'penitentiary.'" (Appellant's brief, p. 5.)  However, this Court agrees with the circuit court that "[t]here is no dispute that [Crutcher] was under the custody and control of the Department of Corrections, while being housed at the Marion County Detention Center," as well as while Crutcher "was on work detail at the city park . . . ." (Record (R.) at 54.)  Although Crutcher argues that his specific and immediate supervisor was not a DOC employee, that does not alter the fact that from the time of his sentencing, when he was remanded to the custody and control of the DOC, he was subject to that agency's control, no matter to whom direct supervisory

---

[3] *Simmons* said the statutory definition of "detention facility" was not sufficiently broad to encompass temporary work sites and, consequently, the inmate's possession of marijuana and a concealed weapon while at the work site did not constitute promoting contraband in the first degree.  *Simmons*, 753 S.W.2d at 873.

[4] Kentucky Department of Corrections.

authority was delegated, and even "whether under guard or not . . . ." KRS 520.010(6).

Crutcher does not contest these underlying facts and it is upon these facts that the circuit court reached this conclusion of law: "[I]t is clear, from a plain reading of the statute, that the Kentucky Legislature intended for contraband to be prohibited 'within' a detention facility or penitentiary, as well as outside facilities, which includes work detail, if one be under the custody and control of the Department of Corrections, as was the Defendant in the case *sub judice*." (R. at 54.) We find no basis upon which to fault the circuit court as to its factual findings, uncontested as they are, or the legal conclusions the court reached.

## **CONCLUSION**

For the foregoing reasons, the August 30, 2019 order of the Marion Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Molly Mattingly
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Aspen Roberts
Assistant Attorney General
Frankfort, Kentucky