KENTUCKY FARM BUREAU MUTUAL
INSURANCE COMPANY, Appellant,

v.

Lisa ROBERTS, by next Friend Judith
Roberts, Appellees.

Court of Appeals of Kentucky.

Aug. 22, 1980.

———

J. D. Raine, Jr., Louisville, for appellant.

Don F. Schmidt, Louisville, for appellees.

Before COOPER, GANT and HOWER-TON, JJ.

COOPER, Judge.

This is an appeal from a judgment for the appellee, plaintiff below, in an action against the appellant, defendant below, for failure to provide basic reparation benefits within the time limitation provided for within KRS 304.39–210(1) and KRS 304.39–280(1)(b). At issue is the question of whether the trial court erred in determining that the appellant failed to comply with said provisions of the Kentucky Motor Vehicle Reparations Act.

The appellee, Lisa Roberts, was injured in an automobile accident which occurred on October 27, 1978. At the time of her injury, she was a passenger in an automobile owned by Roger D. Underwood who had a contract of insurance with the appellant, Kentucky Farm Bureau Mutual Insurance Company. As such, the appellee was entitled to basic reparation benefits. On November 15, 1978, counsel for the appellee entered into negotiations with the appellant advising it of his representation and of the basic reparation benefits payable to the appellee as a consequence of her injuries. The appellant, through its adjustor, George Mangus, sent a letter to the appellee's counsel acknowledging the appellee's claim and including an application for benefits, together with several attending physicians' report forms. In this same letter, he stated that the appellee's claim would be processed when the enclosed forms were properly completed and returned. On December 28, appellee's counsel forwarded to the appellant a letter which included copies of vari-

ous attending physicians' bills, amounting to $766.00. Included in this letter was the completed medical authorization form as well as the completed application for benefits form. The attending physicians' report forms were not returned to the appellant.

No further action was taken by either the appellant or the appellee until the end of January, 1979. At this time, appellee's counsel contacted Mr. Mangus by telephone as to the status of his client's claim. Mr. Mangus stated that he had not given the claim any further consideration as he had not received the attending physicians' report forms. Counsel for the appellee stated that he was not obligated to supply such forms to the appellant. This position was confirmed in letters to Mr. Mangus on February 7, and March 1, 1979. As a consequence of this delay, the appellant did not begin to pay the appellee's claim until March 12, 1979.

Subsequently thereafter, the appellee filed an action against the appellant pursuant to KRS 304.39–230(1), alleging that the appellant failed to respond in timely fashion to her claim. · The trial judge, sitting without a jury, found that despite the provisions of KRS 304.39–280, the appellant had failed to act in timely fashion. Consequently, he awarded penalty and interest at the rate of 18 percent on all medical bills and an attorney's fee in the amount of $600.00 pursuant to KRS 304.39–220. The appellant's motion for a new trial was overruled and the present appeal followed.

KRS 304.39–210(1) provides, in part, as follows:

. . . [b]enefits are overdue if not paid within thirty (30) days after the reparation obligor receives reasonable proof of the fact and amount of loss realized, unless the reparation obligor elects to accumulate claims for periods not exceeding thirty–one (31) days after the reparation obligor receives reasonable proof of the fact and amount of loss realized, and pays them within fifteen (15) days after the period of accumulation. If reasonable proof is supplied as to only part of the claim, and the part totals one hundred dollars ($100) or more, the part is overdue if not paid within the time provided by this section. Medical expense benefits may be paid by the reparation obligor directly to persons supplying products, services, or accommodations to the claimant.

The appellant argues that the delay involved was not without reasonable foundation. KRS 304.39–210(2). In effect, it argues that any delay was caused by the appellee's refusal to supply the attending physicians' report forms as requested by its agent. In support of this argument, it cites the language of KRS 304.39–280(1)(b), which states as follows:

The claimant shall deliver to the reparation obligor a copy of every written report, previously or thereafter made, rele- · vant to the claim, and available to him, concerning any medical treatment or examination of the person upon whose injury the claim is based and the names and addresses of physicians and medical care facilities rendering diagnoses or treatment in regard to the injury or to relevant past injury, and the claimant shall authorize the reparation obligor to inspect and copy relevant records of physicians and of hospitals, clinics, and other medical facilities.

Under both statutes, the insured and the reparation obligor has specific statutory duties: the insured has the duty to provide the obligor with any medical report within his possession, as well as to provide authorization for the inspection of any relevant record of a physician or hospital; conversely, the obligor has the duty to pay a claim within thirty (30) days after it has received reasonable proof that a loss or medical expense has, in fact, occurred. Here, we believe that the appellant failed to pay the appellee's claim within the thirty (30) day period as set forth in KRS 304.39–210(1). In the correspondence of December 28, the appellant received copies of all outstanding physicians' bills. Additionally, the appellant was furnished with a completed medical authorization form. This would have entitled the appellant to secure from

any attending physician any existing medical report relating to the appellee's injuries not available to the appellee. In effect, we believe that the injured party has the obligation to furnish any medical reports in his hands or subsequently coming into them, but that the duty to search out or to have reports prepared, as well as the duty to ascertain that the medical bills are the result of the injury, lies with the insurer. *Cf. State Auto. Mut. Ins. Co. v. Outlaw*, Ky. App., 575 S.W.2d 489 (1978).

Once the appellee had furnished the appellant with reasonable proof of the fact and amount of her loss, the appellant had the obligation to pay her within thirty (30) days. Here, reasonable proof of loss was given to the appellant as of December 28, 1978. Consequently, the trial court was correct in awarding the appellee penalty, interest, and attorney's fee given the fact that the appellant made no payment to her until March of 1979.

The judgment of the trial court is affirmed.

All concur.