Rebecca RHODES, Appellant

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2013–CA–000596–MR.

Court of Appeals of Kentucky.

Dec. 13, 2013.

David A. Lambertus, Tricia Lister, Louisville, KY, for Appellant.

Jack Conway, Attorney General of Kentucky, Nate Kolb, Assistant Attorney General, Frankfort, KY, for Appellee.

Before ACREE, Chief Judge; JONES and MOORE, Judges.

*OPINION AFFIRMING IN PART, REVERSING IN PART, AND REMANDING*

MOORE, Judge:

Rebecca Rhodes appeals the Jefferson Circuit Court's order denying her motion to expunge the charges against her. After a careful review of the record, we reverse in part because it appears the circuit court only reviewed whether Rhodes's felony counts could be expunged, and it failed to determine whether Rhodes was entitled to have her misdemeanor expunged. We affirm in part concerning Rhodes's motion to expunge her felony counts, and we remand for further proceedings to determine if her misdemeanor should be expunged and, if it should, what specific evidence supporting that misdemeanor conviction may be expunged.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Rhodes was indicted[1] on charges of: Trafficking in a controlled substance in the second degree (methamphetamine); illegal possession of a controlled substance in the first degree (cocaine); illegal possession of a controlled substance in the third degree (phentermine); illegal possession of a controlled substance (marijuana); illegal use or possession of drug paraphernalia; and possession of drugs not in original contain-

---

1. Rhodes was indicted with her co-defendant, Derek Jaggers. However, only Rhodes is be- fore us in this appeal.

er.[2]

Rhodes moved to enter a guilty plea in accord with the plea agreement she entered with the Commonwealth, which was based upon an offer the Commonwealth had made in exchange for her guilty plea. In its offer, the Commonwealth agreed to recommend dismissing without prejudice all charges against Rhodes with the exception of the possession of drugs not in original container charge. As for that charge, the Commonwealth agreed to recommend that Rhodes be sentenced to serve sixty days of imprisonment and that the sentence be conditionally discharged. In addition to pleading guilty to possession of drugs not in original container, the Commonwealth's offer was contingent upon Rhodes agreeing to forfeit $50.00 that was seized during this action.

In July 1999, the circuit court accepted Rhodes's guilty plea in accord with the plea agreement. The court ordered as follows: "rendition of the judgment of sentence is withheld; sixty days is hereby conditionally discharged for 2 years subject to [the] following conditions: 1. Pay court costs by August 30, 1999; 2. Forfeiture of $50.00."

More than thirteen years later, Rhodes moved to expunge all of the charges against her. She filed one motion to expunge the felony counts and another motion to expunge the misdemeanor count. Arguments were heard on the motions, during which the court stated that it agreed with Rhodes's argument, but it was unable to provide her the relief she sought because the law provided that her record could not be expunged. Therefore, the court denied Rhodes's motions to expunge

by hand-writing the following in the record: "Motion considered. Argument heard. Motion denied."

Rhodes now appeals, contending that the circuit court erred in denying her motion to expunge because the dismissal of the felony counts was tantamount to a dismissal with prejudice.

## II. ANALYSIS

We begin by noting that Rhodes is incorrect in her assertion that the dismissal of the felony counts against her was tantamount to a dismissal with prejudice. Rhodes's plea agreement with the Commonwealth specified that the Commonwealth would recommend the felony counts be dismissed without prejudice, and the circuit court accepted Rhodes's guilty plea in accord with the plea agreement. Further, when the Commonwealth *voluntarily* dismisses a pretrial indictment, separation of powers principles do not permit trial courts to dismiss the indictment "with prejudice" when the Commonwealth objects to it being dismissed with prejudice, unless the underlying substantive law precludes further litigation. *See Keeling v. Commonwealth,* 381 S.W.3d 248, 256 (Ky. 2012). In the present case, the underlying substantive law does not preclude further litigation and, further, Rhodes agreed that the felony counts against her would be dismissed without prejudice when she entered into her plea agreement. Therefore, the felony counts against Rhodes were dismissed without prejudice.

Rhodes's appeal involves the interpretation of two statutes, KRS [3] 431.076 and KRS 431.078. Because statutory con-

2. The Commonwealth also attempted to get an indictment against Rhodes on the charge of illegal possession of a controlled substance in the third degree (unspecified substance), but the grand jury found the Commonwealth

presented "No True Bill" regarding this allegation, so Rhodes was not indicted on this count.

3. Kentucky Revised Statute.

struction is an issue of law, we review the circuit court's statutory construction *de novo. See Cumberland Valley Contractors, Inc. v. Bell County Coal Corp.,* 238 S.W.3d 644, 647 (Ky.2007).

> The primary purpose of judicial construction is to carry out the intent of the legislature. In construing a statute, the courts must consider the intended purpose of the statute—the reason and spirit of the statute—and the mischief intended to be remedied. The courts should reject a construction that is unreasonable and absurd, in preference for one that is reasonable, rational, sensible and intelligent.

*Commonwealth v. Kash,* 967 S.W.2d 37, 43–44 (Ky.App.1997) (internal quotation marks and citations omitted). When construing a statute, a court should "use the plain meaning of the words used in the statute." *Monumental Life Insurance Company v. Department of Revenue,* 294 S.W.3d 10, 19 (Ky.App.2008).

Pursuant to KRS 431.076,

> (1) A person who has been charged with a criminal offense and who has been found not guilty of the offense, or against whom charges have been dismissed with prejudice, and not in exchange for a guilty plea to another offense, may make a motion, in the District or Circuit Court in which the charges were filed, to expunge all records.
>
> (2) The expungement motion shall be filed no sooner than sixty (60) days following the order of acquittal or dismissal by the court.

Because Rhodes's felony counts were either dismissed without prejudice or presented "No True Bill," KRS 431.076 is inapplicable to Rhodes's case. *See* KRS 431.076; *Commonwealth v. Holloway,* 225 S.W.3d 404, 405–06 (Ky.App.2007). Furthermore, because Rhodes did not allege

constitutional infractions requiring expungement and there have been no factual findings that Rhodes's reasons for obtaining an expungement "outweigh the need of the Commonwealth to retain those records," Rhodes is not entitled to have her records expunged as an "instance" that does "not have statutory authority." *Holloway,* 225 S.W.3d at 406–07. Therefore, we find no error in the trial court's decision on this issue.

However, KRS 431.078 pertains to misdemeanors. It provides, in pertinent part:

> (1) Any person who has been convicted of a misdemeanor ... may petition the court in which he was convicted for expungement of his misdemeanor ... record, including a record of any charges for misdemeanors ... that were dismissed or amended in the criminal action. The person shall be informed of the right at the time of adjudication.
>
> (2) Except as provided in KRS 218A.275(8) and 218A.276(8), the petition shall be filed no sooner than five (5) years after the completion of the person's sentence or five (5) years after the successful completion of the person's probation, whichever occurs later.
>
> . . . .
>
> (4) The court shall order expunged all records in the custody of the court and any records in the custody of any other agency or official, including law enforcement records, if at the hearing the court finds that:
>
> (a) The offense was not a sex offense or an offense committed against a child;
>
> (b) The person had no previous felony conviction;
>
> (c) The person had not been convicted of any other misdemeanor or violation offense in the five (5) years prior to the conviction sought to be expunged;

(d) The person had not since the time of the conviction sought to be expunged been convicted of a felony, a misdemeanor, or a violation[.]

Thus, because KRS 431.078 provides that the court "shall order expunged" the records pertaining to misdemeanor convictions if the other requirements set forth in that statute are met, the circuit court is required to expunge such records.

■ However, the circuit court in the present case made no specific findings pertaining to the requirements set forth in KRS 431.078, or whether Rhodes satisfied the requirements for expungement of her misdemeanor conviction. Rather during the hearing on the motions to expunge, the court appeared to focus solely on the felony counts that were dismissed without prejudice and noted that such counts are not permitted to be expunged.

■ Consequently, we are compelled to reverse in part and remand for further consideration of Rhodes's motion to expunge her misdemeanor conviction because misdemeanors satisfying the provisions of KRS 431.078 are entitled to expungement; the circuit court, however, failed to address Rhodes's request to expunge her misdemeanor conviction. We note that because Rhodes's felony counts are not per-mitted to be expunged, any records, fingerprints, photographs, and other data supporting those felony counts may *not* be expunged when expunging her misdemeanor conviction, if she is indeed entitled to have her misdemeanor expunged. We understand that because the evidence supporting Rhodes's misdemeanor conviction is likely to be entwined with the evidence supporting the felony counts against her, there may be little that can be expunged in the event she is entitled to have her misdemeanor expunged. However, what specific evidence may be expunged is a decision for the circuit court to make.

Accordingly, the order of the Jefferson Circuit Court is reversed in part concerning Rhodes's motion to expunge her misdemeanor conviction, and it is affirmed in part concerning her motion to expunge the felony counts against her. The case is remanded for further proceedings consistent with this opinion.

ALL CONCUR.