JOHNSON, JUDGE:
Charles Moore and Jana Moore, Trustees of the Charles E. Moore and Jana P. Moore Revocable Living Trust Dated April 1, 2008 ("Trustees") filed an appeal from the July 18, 2016 Order of the Whitley Circuit Court dismissing their appeal taken from the March 17, 2016, order of the Corbin Board of Adjustment ("Board"). After reviewing the record in conjunction with the applicable legal authorities, we AFFIRM the court's order and DISMISS this appeal.
BACKGROUND
In February 2016, Melinda S. and James D. Norvell, Jr. ("Norvells") filed an application with the Corbin Board of Adjustment ("Board") seeking a dimensional variance. On March 17, 2016, the Board properly noticed and held a public hearing regarding the requested variance. The Trustees, who were opposed to the granting of the variance, were present and represented by counsel at the hearing. During the course of the hearing, evidence was taken on the record from all parties, but no vote was taken at the hearing before the Board adjourned the hearing. Following the hearing, the Board went into its regularly scheduled meeting during which the Board discussed and voted to approve the application of the Norvells.
The vote of the Board was followed by a formal notice, dated March 22, 2016, signed by the Chairman of the Board and the Secretary of the Board. This notice was subsequently mailed to all parties, including the Trustees who acknowledge receiving a copy of the Board's decision on or about March 28, 2016.
The Trustees, in accordance with Kentucky Revised Statutes (KRS) 100.347, *668 filed their notice of appeal to the Whitley Circuit Court on April 21, 2016.
On July 18, 2016, the court issued its order dismissing the appeal of the Trustees as being untimely under KRS 100.347. The Trustees then filed this appeal.
STANDARD OF REVIEW
Statutory construction is an issue of law. Therefore, we review the court's decision de novo. Rhodes v. Commonwealth , 417 S.W.3d 762, 764-65 (Ky. App. 2013).
ANALYSIS
The Trustees present two issues on appeal. The first issue is their assertion that the court erred when it found that their appeal was not timely filed. Trustees acknowledge that they participated in the hearing held by the Board on March 17, 2016, concerning the Norvells' request for a variance. They also acknowledge that they received a copy of the Board's decision concerning the variance no later than March 28, 2016. While the Trustees argue that they didn't know when the vote was taken, the notice sent to them stated:
In accordance with the action taken by the Board of Adjustment at its Regular meeting on Thursday March 17, 2016 and at the direction of the Board, I advise you that the recommendation of the Board is that this Request be: APPROVED AS REQUESTED.
There appears little question that the Trustees had notice of the final action taken by the Board at their March 17, 2016, regular meeting.
However, the Trustees did not file their appeal until April 21, 2016, based upon their misreading of the statute. They challenge whether they were required to file their appeal within thirty (30) days after the Board took action by vote or within thirty (30) days from the date the notice was signed by the Board Chairman and Secretary, that was sent to them.
The statute in question is explicitly clear.
(1)Any person or entity claiming to be injured or aggrieved by any final action of the board of adjustment shall appeal from the action to the Circuit Court of the county in which the property, which is the subject of the action of the board of adjustment, lies. Such appeal shall be taken within thirty (30) days after the final action of the board. All final actions which have not been appealed within thirty (30) days shall not be subject to judicial review. The board of adjustment shall be a party in any such appeal filed in the Circuit Court.
....
(5)For purposes of this chapter, final action shall be deemed to have occurred on the calendar date when the vote is taken to approve or disapprove the matter pending before the body.
KRS 100.347 (emphasis added).
The Trustees argue that they did not know of the Board's decision because they did not realize that the Board was meeting again that evening. However, no one challenged the regularly scheduled open meeting of the Board, or that the Trustees received the March 22, 2016, notice in sufficient time to file an appeal from the actions taken by the Board on March 17, 2016.
"When grace to appeal is granted by statute, a strict compliance with its terms is required. Where the conditions for the exercise of power by a court are not met, the judicial power is not lawfully invoked. That is to say, that the court lacks jurisdiction or has no right to decide *669 the controversy." Board of Adjustments of City of Richmond v. Flood , 581 S.W.2d 1, 2 (Ky. 1978) (citations omitted).
In this case the Trustees had more than adequate notice of the action taken by a vote of the Board. Unfortunately, they missed the deadline for taking an appeal by five days. Therefore, we find that the court was correct in its application of the statute and in its dismissal of the Trustees' appeal as being untimely.
The last issue raised by the Trustees is that they should have been given an opportunity to be heard in a meaningful time and manner by being able to prosecute their appeal within thirty (30) days of the date required by the statute.
In Kentucky, an appeal from an administrative decision is a matter of legislative grace and not a right. Kentucky does not recognize a constitutional appeal from an administrative action in addition to a statutory appeal. "[W]hen the right of appeal or the trial court's jurisdiction is codified as a statutory procedure, as it is in KRS 100.347, then the parties are required to strictly follow those procedures." Triad Development/Alta Glyne, Inc. v. Gellhaus , 150 S.W.3d 43, 47 (Ky. 2004). We find no error in the court's ruling. Therefore, the failure to follow the statutory guideline is fatal.
CONCLUSION
Based upon the foregoing, the July 18, 2016 Order of the Whitley Circuit Court is AFFIRMED.
ALL CONCUR.