KRAMER, JUDGE:
Larri Flege was convicted by the Grant Circuit Court of operating a motor vehicle under the influence, fourth or subsequent offense within a five-year period, and sentenced to, inter alia , three years of imprisonment, sixty months of license revocation, and thirty months of using an ignition interlock license/device. Her sentence of imprisonment was then probated for five years on various conditions, including that she serve 120 days of incarceration without work release. Flege moved for an order to allow her to apply for an ignition interlock device during her license revocation period. The circuit court denied her motion, and she appeals.
After a careful review of the record and the law, we vacate the circuit court's order because we agree with the Commonwealth that the district court had exclusive jurisdiction over Flege's motion to file an application for an ignition interlock device. Consequently, we vacate the circuit court's order because it lacked jurisdiction over Flege's motion.
Flege was indicted on the charge of operating a motor vehicle under the influence, fourth or subsequent offense within a five-year period. The Commonwealth and Flege entered into a plea agreement. The agreement provided that Flege would enter her guilty plea to the amended charge,[1] and in exchange for her plea, the Commonwealth agreed to recommend that Flege be sentenced to three years of imprisonment, sixty months of license revocation, and a DUI service fee. The Commonwealth also agreed to defer to the court on the imposition of fines and to not oppose Flege being placed on probation for five years, subject to certain conditions, including that she be required to serve 120 days of incarceration. The agreement further provided that Flege would be required to obtain a license for and use an ignition interlock device for a period of thirty months.
Flege moved to enter her guilty plea in accord with the plea agreement. The circuit court accepted her guilty plea and amended the charge as provided in the plea agreement.
On final sentencing, Flege was sentenced to three years of imprisonment, a $1,000 fine, sixty (60) months of license *40 revocation, a DUI service fee, thirty months of using an ignition interlock license/device, and court costs. The court then waived the fine and probated her sentence for five years, subject to various conditions, which included that she be incarcerated for 120 days.
Approximately six months after the final judgment was entered in this case, Flege moved the circuit court for an order allowing her to apply for an ignition interlock device during the license revocation period. The circuit court denied her motion, finding that the final judgment accurately reflected the conditions of the plea agreement, i.e. , that she would have sixty months of license revocation and thirty months of an ignition interlock device. The court then held that "pursuant to [Kentucky Revised Statute] KRS [189A.340(1)(b)(3) ], the Defendant may operate a motor vehicle equipped with a functioning Ignition Interlock Device for a period of thirty (30) months; that thirty (30)[-]month period shall commence upon the expiration of the sixty (60)[-]month period of revocation."
Flege now appeals the circuit court's order. She contends that the circuit court erred when it did not permit her to apply for an ignition interlock device during her sixty-month period of license revocation. Because we must vacate the circuit court's order due to lack of jurisdiction, we do not reach Flege's arguments.
This matter involves statutory interpretation; therefore, our review is de novo. See Rhodes v. Commonwealth , 417 S.W.3d 762, 764-65 (Ky. App. 2013). Consequently, the circuit court's decision in this matter is entitled to no deference.
Pursuant to KRS 189A.400(1), "The District Court shall have exclusive jurisdiction over the issuance of ignition interlock and hardship licenses." (Emphasis added.) Flege filed her application in the circuit court, which should have dismissed her motion for lack of jurisdiction rather than review the merits of it.
Nonetheless, Flege argues that the Kentucky Department of Transportation and the Administrative Office of the Courts (AOC) state on their respective websites that the driver must first apply with the "convicting court" to obtain an ignition interlock license and device.[2] Even if Flege is correct that these websites do in fact reference the "convicting court" rather than the district court, neither of these entities' interpretations of KRS 189A.400 (or any other statute) trump the clear statutory language. Moreover, the administrative regulations promulgated by the Transportation Cabinet in reference to ignition interlock devices and hardship licenses, do not cite to the "convicting court" or the circuit court. See 601 KAR 3 12:060. To interpret the statute as Flege urges would render KRS 189A.400 meaningless. "As repeatedly noted, statutes should be construed so that no part is *41 meaningless or ineffectual." Commonwealth v. Andrews , 448 S.W.3d 773, 779 (Ky. 2014) (citing Brooks v. Commonwealth , 217 S.W.3d 219, 223 (Ky. 2007) ).
Based on the foregoing, Flege should have filed her application for an ignition interlock license and device with the district court pursuant to KRS 189A.400. Consequently, the circuit court lacked jurisdiction to review Flege's motion for an application for an ignition interlock device, and therefore the order of the Grant Circuit Court is hereby VACATED for lack of jurisdiction.
ALL CONCUR.

They agreed to amend the charge in the sense that they agreed to amend the potential penalty for the charge to one to five years of imprisonment (with a mandatory 120 days), a fine of $1,000 to $10,000, revocation of her license for sixty months, a service fee, and thirty months of a mandatory ignition interlock license/device.

Flege cited the Kentucky Department of Transportation's website, but the webpage that Flege cited is no longer available. Our search of that website revealed nothing stating that the driver must first apply with the "convicting" court. As for Flege's argument that AOC's website advises defendants to apply in the convicting court, Flege is incorrect. Flege quoted AOC's website as stating that "[t]he defendant must file an application with the court requesting authorization to apply for an IIL (ignition interlock license) from DOT (Department of Transportation). If the court grants permission, the defendant must then apply to DOT...." No reference is made to the "convicting court" or the circuit court. Pursuant to the clear statutory language of KRS 189A.400, the "court" referenced can only be the district court.