RENDERED: FEBRUARY 15, 2024
TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0178-DG

COMMONWEALTH OF KENTUCKY                                          APPELLANT

V.

ON REVIEW FROM COURT OF APPEALS
NO. 2022-CA-0296
FAYETTE CIRCUIT COURT NO. 13-CR-01190

AHMAD RASHAD DAVIS                                                APPELLEE

**OPINION OF THE COURT BY JUSTICE KELLER**

**REVERSING**

The Commonwealth of Kentucky appeals the Fayette Circuit Court's decision to grant Ahmad Rashad Davis's petition to expunge a charge of theft by deception. The Court of Appeals affirmed the circuit court. This Court granted discretionary review, and we now reverse.

**FACTS AND BACKGROUND**

In November 2013, Davis was indicted in Fayette Circuit Court for Medicaid fraud (Count 1) and theft by deception ($10,000 or more) (Count 2) for defrauding Medicaid of $14,505.36 by falsifying timesheets over the course of two years. In May 2014, the Commonwealth and Davis entered into a plea agreement in which Davis agreed to plead guilty to Medicaid fraud in exchange for the Commonwealth's recommendation to the trial court that, among other

things, Davis's theft by deception charge be dismissed. The trial court later accepted Davis's plea of guilty.

The trial court's final judgment states as follows: "The defendant having entered a plea of guilty on the 30th day of May 2014, and the court having adjudged the defendant guilty of the crime; Count 1, Present Fraudulent Claims to Defraud KMAP > $300., and the **Dismissal** of Count 2." The trial court sentenced Davis to one year of imprisonment, probated for three years or until restitution was paid in full.

In December 2021, Davis filed a petition with the Fayette Circuit Court[1] to expunge the theft by deception charge the trial court had dismissed. Pursuant to Kentucky Revised Statute (KRS) 431.076(1)(b), dismissed charges that were **not** dismissed "in exchange for a guilty plea to another charge" are eligible to be expunged upon request. In filing his form petition for expungement, Davis checked a box attesting that his theft by deception charge was not dismissed in exchange for a guilty plea. The Commonwealth objected to Davis's petition and argued to the circuit court that Davis's theft by deception charge was statutorily ineligible for expungement under KRS 431.076(1)(b), because it was, in fact, dismissed in exchange for his guilty plea to his Medicaid fraud charge. The circuit court, without holding a hearing on the matter, granted Davis's petition. In issuing its form expungement order, the circuit court failed to check the proper box denoting that it had made a finding

---

[1] A different trial judge entertained Davis's petition for expungement than the one who sentenced him in 2014.

of fact that Davis's charge had not been dismissed in exchange for a guilty plea to another offense.

The Commonwealth filed a Kentucky Rules of Civil Procedure (CR) 59.05 motion to alter, amend, or vacate the circuit court's judgment. Davis did not file a response to the Commonwealth's motion, did not attend the circuit court's subsequent videoconference hearing on the matter, and has not participated in any of the proceedings before the Court of Appeals or this Court.[2] At the videoconference hearing on the Commonwealth's motion to alter, amend, or vacate, the circuit court explained to the Commonwealth that it had reviewed the 2014 judgment dismissing Davis's theft by deception charge and found no language indicating that dismissal was conditioned on a guilty plea to another offense. The circuit court stated that the "judgment is the law of the case." In its subsequent order, the circuit court reiterated that it "looks to the Judgment entered in this case, which does not reflect the idea that this charge was dismissed in exchange for a guilty plea. The Judgment is the record in the case, and the Court will not look to extraneous matters to interpret a document that is clear on its face." This Court interprets the circuit court's order as

---

[2] Davis did not file an appellee brief with this Court, and it is unclear whether Davis appears before this Court pro se or represented by counsel. The Commonwealth refers to Davis as pro se, but we observe that the circuit court served its Order denying the Commonwealth's Motion to Amend, Alter, or Vacate on the attorney that previously represented Davis in his underlying criminal proceedings. Nonetheless, "[i]f the appellee's brief has not been filed within the time allowed, the court may: (a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case." Kentucky Rules of Appellate Procedure (RAP) 31(H)(3). Employing our discretion, this Court declines to penalize Davis.

reaching a legal conclusion that it was precluded from considering anything other than the sentencing court's 2014 judgment in determining whether Davis's charge was dismissed in exchange for a guilty plea.

The Commonwealth appealed the circuit court's grant of Davis's expungement petition, and the Court of Appeals affirmed the circuit court's decision to rely only on the 2014 judgment to determine Davis's expungement eligibility. The Majority of that panel reasoned that "[i]t is the judgment that is the final word as to what has taken place in Davis's case"—not the parties' plea agreement.

This Court granted the Commonwealth's motion for discretionary review, and we now reverse the Court of Appeals because we conclude that, as a matter of law, the circuit court was permitted to look beyond the 2014 judgment to determine Davis's expungement eligibility.

## ANALYSIS

We review the lower courts' legal conclusions de novo. *Wieland v. Freeman*, 671 S.W.3d 253, 256 (Ky. 2023).

At its simplest of definitions, a "judgment" can be understood to be any order which conveys "[a] court's final determination of the rights and obligations of the parties in a case." *Judgment*, *Black's Law Dictionary* (11th ed. 2019). In the criminal context, "[f]inal judgment . . . means sentence. The sentence is the judgment." *Commonwealth v. Carneal*, 274 S.W.3d 420, 427 (Ky. 2008) (quoting *Burton v. Stewart*, 549 U.S. 147, 156 (2007)). This Court, having promulgated our Kentucky Rules of Criminal Procedure (RCr), has

4

specified the necessary components of a trial court's final judgment of

conviction:

> A judgment of conviction shall set forth the plea, the verdict or findings, the adjudication and sentence, a statement as to whether the defendant is entitled to bail, the amount of bail and the day of the execution of a death sentence, which shall be at least thirty (30) days after the entry of the judgment. If two (2) or more sentences are imposed, the judgment shall state whether they are to be served concurrently or consecutively.

RCr 11.04(1).

Notably, our rule does not require the trial court's judgment to set forth the circumstances that gave rise to dismissal of a charge in the indictment or, more specifically, whether that dismissal was conditioned on a plea to another charge. Simply, a trial court's judgment is intended to set forth "what," whereas the language of KRS 431.076(1)(b) ("not in exchange for a guilty plea to another charge") asks the reviewing court to answer "why?"

Having no statutory obligation to detail the conditions of dismissal in its judgment, it is perhaps no surprise that the trial court that sentenced Davis declined to include such particulars. Practically then, we observe that a subsequent trial court charged with determining whether a dismissal was conditioned on a guilty plea—and thus ineligible for expungement under KRS 431.076(1)(b)—must often look beyond the final judgment. Instead, that court is forced to look to other evidence in the record, like the parties' plea agreement—a practice not all so unfamiliar when determining a defendant's expungement eligibility. *See, e.g., Rhodes v. Commonwealth*, 417 S.W.3d 762 (Ky. App. 2013) (plea agreement was evidence that defendant's felony charges

5

were dismissed without prejudice); *Rashad v. Commonwealth*, No. 2017-CA-000628-MR, No. 2017-CA-000777-MR, 2018 WL 4381551 (Ky. App. Sept. 14, 2018) (plea agreement was evidence that defendant's felony charge was dismissed in exchange for guilty plea to another offense); *Moore v. Commonwealth*, No. 2018-CA-001090-MR, 2020 WL 39972 (Ky. App. Jan. 3, 2020) (plea agreement was evidence that defendant's felony charges were dismissed in exchange for guilty plea to another offense)).

In fact, our expungement statutes have often asked our trial courts to determine expungement eligibility using facts that would be traditionally found outside the sentencing court's judgment. KRS 431.078(4)(a) conditions expungement of a conviction on whether that offense was "not a sex offense or an offense committed against a child." Likewise, KRS 431.078(4)(b) conditions expungement eligibility on whether the defendant has been convicted of another felony or misdemeanor in the last five years. KRS 431.078(4)(c) requires that the petitioner seeking expungement not have any outstanding felony or misdemeanor proceedings pending against him or her. Each of these requirements would often, if not always, require the reviewing court to look beyond the sentencing court's judgment to determine the defendant's expungement eligibility.

We are further unconvinced that the relationship between a trial court's judgment and a plea agreement precludes review of the greater record. "Generally, plea agreements in criminal cases are contracts between the accused and the Commonwealth, and are interpreted according to ordinary

contract principles." *McClanahan v. Commonwealth*, 308 S.W.3d 694, 701 (Ky. 2010). And it is true that "the decision to accept or reject a plea agreement is always within the province of the trial court" because it is the trial court that maintains ultimate sentencing authority. *Covington v. Commonwealth*, 295 S.W.3d 814, 817 (Ky. 2009). But where the trial court declines to speak to an issue in its judgment, the absence of such language does not erase the underlying facts—the judgment alone is not the entire "record" but merely the "sentence." *Carneal*, 274 S.W.3d at 427.

We also observe that the Commonwealth, being endowed with great authority over the dismissal of charges, will perhaps often be in a unique position to speak to the circumstances underlying a dismissal. RCr 9.64 states that it is only "[t]he attorney for the Commonwealth, with the permission of the court, [that] may dismiss the indictment, information, complaint or uniform citation prior to the swearing of the jury or, in a non-jury case, prior to the swearing of the first witness." "[S]ubject to rare exceptions . . . a trial judge has no authority, absent consent of the Commonwealth's attorney, to dismiss, amend, or file away before trial a prosecution based on a good indictment." *Hoskins v. Maricle*, 150 S.W.3d 1, 13 (Ky. 2004).

## CONCLUSION

Having determined that, as a matter of law, a circuit court may look beyond the sentencing court's final judgment to determine whether a dismissal was granted in exchange for a guilty plea to another charge, we hold that the

circuit court erred in failing to do so. We therefore reverse the Court of Appeals and vacate the circuit court's order granting expungement.

VanMeter, C.J.; Bisig, Conley, Keller, Lambert and Nickell, JJ., sitting. All concur. Thompson, J., not sitting.

COUNSEL FOR APPELLANT:

Russell M. Coleman
Attorney General of Kentucky

Melissa Ann Pile
Assistant Attorney General

APPELLEE PRO SE:

Ahmad Rashad Davis